UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIA LANGLEY, et al., | No. 2:20-cv-00635-TLN-KJN |
| Plaintiffs, | |
| v. | **ORDER** |
| GUIDING HANDS SCHOOL, INC., et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' *Ex Parte* Application to Extend Response Deadline. (ECF No. 154.) Several Defendants filed oppositions. (ECF Nos. 155, 156, 157, 158.) For the reasons set forth below, the Court DENIES Plaintiffs' *ex parte* application.

Plaintiffs filed the operative Third Amended Complaint ("TAC") on April 30, 2021. (ECF No. 126.) Defendants filed various motions to dismiss and/or sever, and responsive pleadings were due no later than June 10, 2021. (ECF No. 154 at 2.) All parties subsequently stipulated to a limited extension, with the oppositions to be filed no later than July 1, 2021, and the replies to be filed no later than July 16, 2021. (ECF No. 150 at 2.) On June 11, 2021, the Court approved the stipulation and granted the proposed extension. (ECF No. 152.)

On June 25, 2021, Plaintiffs brought the instant *ex parte* application to extend the deadlines to file oppositions and replies to the pending motions to dismiss and/or sever. (ECF No. 154.) Plaintiffs argue as follows: (1) lead counsel for Plaintiffs operates a sole practitioner

1

firm and has "lost access" to a contract attorney who was assisting him in this case; (2) Plaintiffs filed a motion to stay proceedings (ECF No. 153) pending resolution of concurrent criminal proceedings arising from the incidents at issue and involving some of Defendants; and (3) Plaintiffs intend to file a motion for leave to file a Fourth Amended Complaint. (ECF No. 154 at 2–3.) Plaintiffs request an extension of the aforementioned deadlines pending the Court's ruling on Plaintiffs' motion to stay. (*Id.* at 3.)

In general, the Court will not grant *ex parte* relief unless "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

The Court does not find good cause to grant Plaintiffs' *ex parte* application. As Defendants point out, Plaintiffs already received a three-week extension to file their oppositions pursuant to the parties' stipulation. (*See* ECF No. 152.) Plaintiffs have not adequately explained why they waited until *five days* before the new deadline to seek another extension *ex parte*. Plaintiffs' vague references to staffing issues and concurrent criminal proceedings do not persuade the Court that *ex parte* relief is justified, especially considering that granting Plaintiffs' request would amount to an indefinite extension.

Accordingly, the Court DENIES Plaintiffs' *ex parte* application. (ECF No. 154.)

IT IS SO ORDERED.

DATED: June 29, 2021

Troy L. Nunley
United States District Judge