UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIA LANGLEY, et al., | No. 2:20-cv-00635-TLN-KJN |
| Plaintiffs, | |
| v. | **ORDER** |
| GUIDING HANDS SCHOOL, INC., et al., | |
| Defendants. | |

This matter is before the Court on the following motions: Yolo County Office of Education, Carolynne Beno, and Sharon Holstege's (collectively, "Yolo Defendants") Motion to Dismiss (ECF No. 135); Kimberly Wohlwend's Motion to Dismiss (ECF No. 136); Davis Joint Unified School District ("DJSUD"), Jennifer Galas, Patrick McGrew, Riley Chessman (collectively, "Davis Defendants"), Elk Grove Unified School District ("EGUSD"), Elk Grove Unified SELPA ("Elk Grove SELPA"), Marilyn Delgado, Doug Phillips (collectively, "Elk Grove Defendants"), Folsom Cordova Unified School District ("FCUSD"), Folsom Cordova SELPA ("FCSELPA"), Kim Triguero, Meghan Magee, Betty Jo Wessinger (collectively, "Folsom Cordova Defendants"), Pollock Pines Elementary School District ("PPESD"), Pat Atkins and Licia McDonald's (collectively, "Pollock Pines Defendants") Motion to Sever (ECF No. 137); California Department of Education's ("CDE") Motion to Dismiss (ECF No. 139); Pollock Pines Defendants' Motion to Dismiss (ECF No. 141); Elk Grove Defendants' Motion to

1   Dismiss (ECF No. 142); Davis Defendants' Motion to Dismiss (ECF No. 143); Folsom Cordova
2   Defendants' Motion to Dismiss (ECF No. 144); Handle with Care Behavior Management System,
3   Inc.'s ("HWC") Motion to Dismiss (ECF No. 145); Guiding Hands School, Inc. ("GHS"),
4   Staranne S. Meyers, Cindy Keller, Jennifer Christensen, Betty Morgan, Jill Watson, Linda Stern,
5   Michael Smith, Le'mon Thomas, David Chambers, Andre Gatewood, Kim Dillon, Kris Laymon,
6   Amanda Hinds, Robin Schummann, Zack Matlock, Kyle McCoy, Sandra Romano, Jennifer
7   Jones, Merrilee Godbout, and Danielle Oehring's (collectively, "GHS Defendants") Motion to
8   Dismiss (ECF No. 146); GHS Defendants' Motion to Sever (ECF No. 149); Plaintiffs Stacia
9   Langley, David Benson, Michael Turelli (personal representative of M.B.), Laura Kinser
10  (individually and as guardian *ad litem* for D.Z.), Melanie Stark (individually and as guardian *ad*
11  *litem* for M.S.), Cherilyn Caler (individually and as guardian *ad litem* for J.P.), Timothy Peterson
12  (individually and as guardian *ad litem* for A.P.), Robert Darrough (individually and as guardian
13  *ad litem* for E.D.), Kristen Coughlin (individually and as guardian *ad litem* for E.D.), Susan
14  Muller (individually and as guardian *ad litem* for H.K.), and Christian Davis's (individually and
15  as guardian *ad litem* for S.D.) (collectively, "Plaintiffs") Motion to Stay (ECF No. 153) and
16  Motion to Amend (ECF No. 197); CDE's Motion to Sever (ECF No. 223); and Yolo Defendants'
17  Motions for Sanctions (ECF Nos. 221, 229).
18       For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Stay and
19  STAYS this action until the conclusion of the parallel criminal proceedings.
20       **I.     FACTUAL AND PROCEDURAL BACKGROUND**
21       The Court need not recount the background facts of the instant case as they are set forth
22  fully in its order filed March 31, 2021.  (*See* ECF No. 123 at 3–4.)  Plaintiffs filed the operative
23  Third Amended Complaint ("TAC") on April 30, 2021, alleging various state and federal claims
24  against Defendants.  (ECF No. 126.)  In short, this case involves injuries stemming from the use
25  of restraints on students with disability-related behavioral issues, including the death of M.B.  (*Id.*
26  at 3–5.)  There have been a considerable number of filings in this case.  Because the Court intends
27  to grant Plaintiff's motion to stay proceedings (ECF No. 153), the Court need not and does not
28  address the remaining motions at this time.

## II. STANDARD OF LAW

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Id.* "[T]hese competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

## III. ANALYSIS

Plaintiffs move to stay proceedings pending completion of the concurrent criminal proceedings against GHS Defendants who have been criminally charged with manslaughter in connection with M.B.'s death. (ECF No. 153 at 6.) Plaintiff argues a stay is warranted for the following reasons: (1) the issues underlying the civil and criminal actions are similar, and there is sealed evidence in the criminal case that could lead to new information for the civil case; (2) evidence from the criminal case is essential to establish connections between the current Defendants in the civil case and may lead to new parties needing to be named; (3) because of Fifth Amendment privilege, Plaintiffs cannot make direct inquiries of the criminal defendants who are also Defendants in the civil case; (4) a stay is appropriate as to all parties to avoid duplication of effort and waste of resources by filing additional motions to amend and requiring the Court to resolve pending motions; and (5) the public interest in the integrity of the criminal case takes precedence over the civil action. (*Id.* at 6–7.)

Defendants filed separate oppositions, but their arguments largely overlap. (*See* ECF Nos. 172, 184, 185, 187, 188.) In sum, Defendants argue Plaintiffs' motion to stay is an unnecessary delay tactic. Those Defendants who are not named in the criminal action also argue there is no need to stay the case as to all Defendants. Defendants further argue Plaintiffs essentially request an indefinite stay, which burdens Defendants who seek a timely conclusion of litigation.

3

The Court finds the *CMAX* factors weigh in favor of granting the stay. First, as to "the possible damage which may result from the granting of a stay," Defendants argue a stay would increase the expense of litigation. *See CMAX*, 300 F.2d at 268. Defendants also argue they are entitled to rulings on their various pending motions. However, Defendants speak in generalities, and it is unclear how a stay would significantly increase the costs of litigation. Regarding Defendants' pending motions, the Court intends to automatically reinstate the motions once the stay is lifted, which will reduce the expense to Defendants. It also bears mentioning that at the time Plaintiff filed the motion to stay, a preliminary hearing had been set in the criminal case for August 27, 2021. (ECF No. 153 at 12.) Although Plaintiff has not updated the Court as to the status of the criminal case, it cannot be said that Plaintiff is seeking an indefinite stay as the criminal case appears to be moving forward and will inevitably have a resolution. As such, the Court concludes the damage which may result from granting the stay is minimal.

As to "the hardship or inequity which a party may suffer in being required to go forward," Plaintiffs argue they are unable to access evidence at issue in the criminal case. *See CMAX*, 300 F.2d at 268. Plaintiffs contend this prevents them from fully responding to Defendants' motions and prevents them from properly alleging their claims. Plaintiffs have already filed oppositions to Defendants' pending motions, as well as a motion for leave to file a Fourth Amended Complaint. It is thus unclear to what extent Plaintiffs would suffer hardship should this case proceed, other than potentially needing to file yet another motion for leave to amend. Therefore, the Court concludes the hardship to Plaintiffs in going forward is also minimal.

The third factor — which considers "the orderly course of justice" — is the most compelling in the instant case. *See id.* This is a complex case, involving many parties, legal issues, and factual allegations, all revolving around the actions of GHS Defendants who are currently facing criminal charges. Plaintiffs anticipate the criminal proceeding will lead to more information bearing on the civil case, which will necessitate an additional motion for leave to amend. This Court has the "inherent power to control the disposition of the causes on its docket." *Id.* Considering the number of pending motions before the Court, which will be mooted if the Court grants a future motion to amend based information gathered from the criminal proceeding,

the Court concludes a stay would best "promote economy of time and effort for itself, for counsel, and for litigants." *Id.*

In sum, the Court finds the *CMAX* factors weigh in favoring of granting a stay in this action pending conclusion of the parallel criminal proceedings.

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Stay.  (ECF No. 153.) The parties are ORDERED to file a joint status report within thirty (30) days of the conclusion of the parallel criminal proceedings, indicating whether the stay should be lifted and whether Plaintiffs intend to file a new motion to amend.  All other pending motions will be reinstated when the stay is lifted.

IT IS SO ORDERED.

DATED:  February 28, 2022

Troy L. Nunley
United States District Judge