UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIA LANGLEY, et al., | No. 2:20-cv-00635-DJC-CSK |
| Plaintiffs, | |
| v. | ORDER APPROVING MINORS' COMPROMISE |
| GUIDING HANDS SCHOOL, INC., et al., | |
| Defendants. | |

Plaintiffs brought this action based on allegations that students with disabilities enrolled at Defendant Guiding Hands School, Inc. were subject to frequent and unnecessary use of restraints. Among the plaintiffs are several minor children including Plaintiff M.S. by and through his mother, Melanie Stark[1], and *Guardian Ad Litem*, Christopher Stark. Plaintiffs have filed a Motion to Approve Settlement for Minor Plaintiff M.S. (Mot. (ECF No. 296).) This motion is unopposed by any party. Plaintiffs have also provided supplemental briefing in support of the motion. (Suppl. Mem. (ECF No. 303).)

---

[1] Plaintiff Stark is also individually a plaintiff in this action and a party to the proposed settlement presently at issue.

1

For the reasons set forth below, the Court partially lifts the stay of this action for the limited purposes of this motion[2] and grants Plaintiffs Motion to Approve Settlement for Minor Plaintiff M.S.

## I. Background

The parties to this proposed partial settlement are Plaintiff M.S., a minor, Plaintiff Stark, and Defendants Elk Grove Unified School District, Elk Grove Special Education Local Plan Area ("SELPA"), Doug Phillips, and Marilyn Delgado. Defendant School District is part of Defendant Elk Grove SELPA. (Mot. at 3.) Defendant Phillips was the Director of Special Education for Elk Grove School District and SELPA. (*Id.* at 4.) Defendant Delgado was the Program Specialist assigned to Plaintiff M.S. by the school district. (*Id.*) Elk Grove SELPA and Elk Grove Unified School District had a contract with GHS to provide special education and related services for students. (TAC ¶¶ 242.)

According to the allegations in Plaintiffs' Third Amended Complaint ("TAC"), at nine years old, Plaintiff M.S. was placed at Guiding Hands School ("GHS") by Defendant Delgado, acting as a program specialist for the school district. (*Id.* ¶ 485.) Plaintiff M.S. was restrained on his first day at GHS and a total of 61 times over the next nearly two months. (*Id.* ¶ 253.) These restraints allegedly caused bruises, welts, and abrasions to his face and body. (*Id.*) On several occasions, Plaintiff Stark raised concerns about how Plaintiff M.S. was being treated, including how restraints were being employed. (*Id.* ¶¶ 256–57, 262.) A subsequent investigation found multiple alleged violations of Plaintiff M.S.'s IEP, failures to document injuries, and failures connected with the school district's decision to place Plaintiff M.S. at GHS. (*Id.* ¶ 264.) As a result of these events, Plaintiff M.S. purportedly suffered physical injuries as well as extreme emotional distress. (*Id.* ¶ 270.) Plaintiff M.S. claims that Defendants

---

[2] No party objected to the Court lifting the stay of this action for the limited purpose of considering the two Motions to Approve Minor Settlement. (*See* ECF No. 299.) Nothing about this order should be construed as applying to the separate Motion to Lift Stay (ECF No. 302) presently set for oral argument on October 31, 2024.

Delgado and Phillips failed to take action "to stop the illegal and excessive restraints" or to ensure GHS staff were following Plaintiff M.S.'s Behavior Intervention Plan. (*Id.* ¶ 256.)

## II. Legal Standard

No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise. E.D. Cal. R. 202(b). The Local Rules require that the motion for approval of a proposed minor's compromise disclose, among other things: (1) the age and sex of the minor, (2) the nature of the causes of action to be settled or compromised, (3) the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, (4) the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise amount, and (5) if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. *See* E.D. Cal. R. 202(b)(2).

Furthermore, the Ninth Circuit held in *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) that Federal Rule of Civil Procedure 17(c) imposes a "special duty" on district courts approving a minor's compromise. "[T]his special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (citations omitted). However, this "special duty" has a limited scope of review, only asking "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.* at 1182. "If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented . . . ." *Id.* In making this determination, "courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their

views and experiences in litigating these types of actions, and other similar compromises that have been approved by courts." *Rivett v. United States*, No. 2:21-CV-00717-DAD-AC, 2023 WL 4238909, at *2 (E.D. Cal. June 28, 2023) (collecting cases where the procedural posture was considered, the fact that the settlement occurred at a court-supervised settlement conference was considered, and other compromises were considered).

Plaintiffs bring a variety of state and federal law claims against Defendants. Although the Ninth Circuit expressly limited its holding to "cases involving the settlement of a minor's federal claims[,]" *Robidoux*, 638 F.3d at 1179 n.2, where, as here, a court is exercising supplemental jurisdiction over state law claims, courts will apply the *Robidoux* standard to all of the claims, *see A.G.A. v. County of Riverside*, No. 19-cv-00077-VAP-SPx, 2019 WL 2871160, at *3 n.1 (C.D. Cal. Apr. 26, 2019) (collecting cases).

### III. Proposed Settlement

The proposed settlement would resolve claims brought both by Plaintiff M.S. and his mother, Plaintiff Stark, against Defendants Elk Grove School District, Elk Grove SELPA, Phillips, and Delgado. (Settlement Agreement (Mot., Ex. B) at 1.) Under the terms of the settlement, these Defendants agree to pay $75,000 as a gross settlement amount. (Mot. at 17.) Plaintiffs' counsel requests payment of 33% of the gross settlement as an attorney's fee, as expressly provided by the terms of the Attorney-Client Fee Contract entered into by Plaintiffs M.S. and Stark and their counsel prior to their entry into this action, as well as $4,018.01 in costs. (*Id.*; *see* Attorney-Client Fee Contract (Mot., Ex. A) at 2.) Under the agreement, 60% of the total remaining after fees and costs is designated for Plaintiff M.S. and 40% is designated for Plaintiff Stark. (Mot. at 17.) Plaintiff M.S. would receive a net recovery of $27,739.19. (*Id.*) Plaintiff M.S.'s funds would be "deposit[ed] in a blocked account in an insured financial institution is subject to withdrawal only upon the authorization of the Court until the minor becomes of age of majority, and then the funds shall be disbursed to Plaintiff

M.S. upon his 18th birthday." (*Id.* at 17.)  Plaintiffs M.S. have agreed to release all claims against Defendants Elk Grove School District, Elk Grove SELPA, Phillips, and Delgado, and a request for dismissal with prejudice their claims against those Defendants will be filed upon fulfillment of the settlement terms.³  (*Id.* at 16.)

## IV. Discussion

### A. Adequacy of Amount Distributed to Minor Plaintiff M.S.

The Motion provides each of the disclosures required by Local Rule 202(b)(2).  The Motion indicates the age and sex of the minor (Mot. at 2) as well as the nature of the cause of action settled as well as the facts and circumstances surrounding it (*id.* at 2–15).  The supplemental briefing provided by Plaintiffs also gave information about the manner in which the compromise amount was reached.  (*See* Suppl. Mem.)  Counsel also provides a number of cases involving the use of restraints on children, many of these involving incidents at schools.  (*Id.* at 2–4.)  Based on the Court's review of these cases, as well an independent review of similar cases and the facts of this case, the Court approves the settlement as fair and reasonable.

The settlement would afford Plaintiff M.S. recovery that is roughly commensurate with the settlements of other minors who suffered alleged unnecessary, repeated, and lengthy usages of restraints while at school.  In *T.B. v. Chico Unified Sch. Dist.*, No. 2:07-cv-00926-GEB-CMK, 2010 WL 1032669 (E.D. Cal. Mar. 19, 2010), the district court approved a settlement that would provide $16,500.00 for a minor plaintiff based on use of alleged excessive force by school personnel.  In *R.N. v. United States*, No. 3:17-cv-1583-L-BGS, 2019 WL 6724338 (E.D. Cal. Dec. 11, 2019), which involved severe physical injuries, the court found a settlement with $20,000.00 net recovery for the minor plaintiff to fair and reasonable.

---

³ The Motion states that under the terms of the agreement the "entire action" will be dismissed with prejudice. (Mot. at 16.)  This phrase could be erroneously understood to mean that the agreement agrees to the dismissal of the entire *Langley v. Guiding Hands School, Inc.* action.  The clear intent is to dismiss, with prejudice, Plaintiffs M.S. and Stark's claims against Defendants Elk Grove School District, Elk Grove SELPA, Phillips, and Delgado.  A review of the signed settlement agreement confirms this to be the case. (*See* Settlement Agreement.)

5

In that case, the minor suffered a broken finger and, less than two months later, a broken femur, both allegedly due to the actions or negligence of child development center staff. *Id.* at *1–3. Other broadly similar cases fall within this range, with natural deviation given the diversity of cases. *See e.g.*, *Colbey T. v. Mt. Diablo Unified Sch. Dist.*, No. 11-cv-03108-LB, 2012 WL 1595046, at *1–2 (N.D. Cal. May 4, 2012) (approving a $28,650.00 net recovery for a minor who was subject to improper restraints by school staff and was unprotected from bullying).

The proposed settlement would provide Plaintiff M.S. with a net recovery of $27,739.19. This places his recovery under the proposed settlement firmly within the realm of what other courts have found to be reasonable under roughly similar facts. Notably, this settlement *only* resolves Plaintiff M.S.'s claims against Defendants Elk Grove School District, Elk Grove SELPA, Phillips, and Delgado. The settlement does not cover address or resolve Plaintiffs' claims against *other* Defendants in this action or claims that may exist outside this action. This includes Plaintiffs' claims against GHS – the school where Plaintiff M.S. was purportedly injured – or GHS staff. Thus, while settlements of other similar cases may afford minor plaintiff's greater degree of recovery, this settlement only covers a portion of Plaintiff M.S.'s claims while the settlements in those other comparison cases cover the totality of those minor plaintiff's claims.

Moreover, as is regularly recognized in the context of settlements, trial presents significant risks that can cause uncertainty about a plaintiff's ability to obtain relief. Plaintiffs also openly acknowledge that proving "culpability and the nexus to the damages [for the school district and its staff] poses some difficulties factually and procedurally, increasing the chance of dismissal." (Suppl. Mem. at 5.) This settlement was also apparently reached with the assistance and advice of an experienced third-party mediator as part of a four-day mediation. (*Id.*)

While Plaintiffs provided information about the requested attorney's fees, litigation costs, and information within the settlement, the Court is bound to only

consider the net recovery of the minor plaintiff in assessing whether the settlement is fair and reasonable.  *See Robidoux*, 638 F.3d 1182.  Under that sole consideration, the Court finds the net recovery for minor Plaintiff M.S. under the settlement agreement to be fair and reasonable.

### B. Method of Disbursement

Local Rule 202(e) requires money or property recovered on behalf of a minor to be "(1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . . ."  Under the terms of the settlement, Plaintiff M.S.'s portion of the settlement is to be placed in a blocked account subject to withdrawal only upon Court approval, until his 18th birthday. (Mot. at 17.)  This appears to comply with the requirements of California law for settlements involving minor parties.[4]  As such, the method of disbursement of funds to Plaintiff M.S. appears to comply with the requirements of state law and thus satisfies of Local Rule 230(e).

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED Plaintiffs' Motion for Approval of the Minors' Compromise (ECF No. 296) is GRANTED.  IT IS FURTHER ORDERED that:

1. Petitioner is authorized on behalf of minor to compromise his claim as to Defendants Elk Grove Unified School District , Elk Grove SELPA, Doug Phillips, and Marilyn Delgado for a total sum of Seventy-Five Thousand Dollars ($75,000.00), and to execute and deliver the necessary release, drafts and other documents to effectuate this compromise with Defendants.

---

[4] The Court notes that while the settlement amount exceeds $5,000, as structured, the settlement does *not* fall afoul of Cal. Prob. Code § 3401(c)(2) as the settlement funds are not placed in the possession of Plaintiff's parent or guardian in trust but placed in a blocked account.  This is a procedure seemingly approved of by Cal. Prob. Code § 3611(b) and other courts, *see Williams v. Cnty. of Monterey*, No. 19-CV-01811-BLF, 2020 WL 7342737, at *1–2 (N.D. Cal. Dec. 14, 2020); *see also Martinez v. Nienow*, No. 3:23-cv-02338-RBM-AHG, 2024 WL 1898477, at *2 (S.D. Cal. Apr. 30, 2024).

7

2. Petitioner is authorized to dismiss his action with prejudice as to said Defendants upon payment of all settlement funds by said Defendants.
3. Petitioner is authorized to reimburse his attorneys' litigation costs and expenses in the amount of $4,018.01 and pay fees of 33% in the amount of $24,750.00.
4. That the net settlement funds shall be paid to GAL for deposit in a blocked account in an insured financial institution and are subject to withdrawal only upon the authorization of the Court until the minor becomes of the age of majority, and then the funds shall be disbursed to Plaintiff M.S. upon his 18th birthday.

IT IS SO ORDERED.

Dated: **September 27, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – LangleySD20cv00635.minors.compromise

8