UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIA LANGLEY, et al., | No. 2:20-cv-00635-DJC-CSK |
| Plaintiffs, | |
| v. | ORDER APPROVING MINORS' COMPROMISE |
| GUIDING HANDS SCHOOL, INC., et al., | |
| Defendants. | |

Plaintiffs brought this action based on allegations that students with disabilities enrolled at Defendant Guiding Hands School, Inc. were subject to frequent and unnecessary use of restraints. Among the plaintiffs are several minor children including Plaintiff S.D. by and through his father, Christopher Davis[1], and *Guardian Ad Litem*, Jeremy Sundby. Plaintiffs have filed a Motion to Approve Settlement for Minor Plaintiff S.D. (Mot. (ECF No. 295).) This motion is unopposed by any party. Plaintiffs have also provided supplemental briefing in support of the motion. (Suppl. Mem. (ECF No. 303).)

---

[1] Plaintiff Davis is also individually a plaintiff in this action and a party to the proposed settlement presently at issue.

1

For the reasons below, the Court partially lifts the stay of this action for the limited purposes of this motion[2] and grants Plaintiffs Motion to Approve Settlement for Minor Plaintiff S.D.

I. **Background**

The parties to this proposed partial settlement are Plaintiff S.D., a minor, Plaintiff Davis, and Defendants Pollock Pines Elementary School District ("PPESD"), Licia McDonald, and Pat Atkins.  Defendant McDonald was a school psychologist and special needs coordinator who represented Defendant PPSED at meetings regarding S.D.'s Individual Educational Placement ("IEP"). (Mot. at 4.)  Defendant Atkins was the Superintendent of PPESD. (*Id*. at 3.)

According to the allegations in Plaintiffs' Third Amended Complaint ("TAC"), Defendant McDonald recommended Guiding Hands School ("GHS") to Plaintiff Davis and S.D. was subsequently placed in GHS by the school district via his IEP. (TAC (ECF No. 126) ¶¶ 308–09.)  While at GHS, S.D. was purportedly regularly restrained in response to "predictable, disability-related behavior, including 'non-compliance' and using profanity[,]" but GHS staff did not complete Behavioral Emergency Reports ("BERs") or notify Plaintiff Davis when restraints were used. (*Id*. at 313–14.)  During these incidents, S.D. allegedly suffered bruising, welts, marks on his arms and stomach, and wounds to his wrists, knees, and chin, as well as severe emotional distress. (*Id*. ¶ 330.)  Plaintiffs claim that Defendants Atkins and McDonald, in their capacity as employees of PPESD, knew that students at GHS were being illegally restrained but took no action to prevent the use of restraints on S.D., and in some instances approved the use of restraints on S.D. (*Id*. ¶ 329.)

////

////

---

[2] No party objected to the Court lifting the stay of this action for the limited purpose of considering the two Motions to Approve Minor Settlement. (ECF No. 299.) Nothing about this order should be construed as applying to the separate Motion to Lift Stay (ECF No. 302) presently set for oral argument on October 31, 2024.

2

## II.     Legal Standard

No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise. E.D. Cal. R. 202(b).  The Local Rules require that the motion for approval of a proposed minor's compromise disclose, among other things: (1) the age and sex of the minor, (2) the nature of the causes of action to be settled or compromised, (3) the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, (4) the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise amount, and (5) if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.  *See* E.D. Cal. R. 202(b)(2).

Furthermore, the Ninth Circuit held in *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) that Federal Rule of Civil Procedure 17(c) imposes a "special duty" on district courts approving a minor's compromise.  "[T]his special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (citations omitted).  However, this "special duty" has a limited scope of review, only asking "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.* at 1182.  "If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented . . . ." *Id.*  In making this determination, "courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other similar compromises that have been approved by courts." *Rivett v. United States*, No. 2:21-CV-00717-DAD-AC, 2023 WL 4238909, at *2 (E.D. Cal. June 28, 2023) (collecting

3

cases where the procedural posture was considered, the fact that the settlement occurred at a court-supervised settlement conference was considered, and other compromises were considered).

Plaintiffs bring a variety of state and federal law claims against Defendants. Although the Ninth Circuit expressly limited its holding to "cases involving the settlement of a minor's federal claims[,]" *Robidoux*, 638 F.3d at 1179 n.2, where, as here, a court is exercising supplemental jurisdiction over state law claims, courts will apply the *Robidoux* standard to all of the claims, *see A.G.A. v. County of Riverside*, No. 19-cv-00077-VAP-SPx, 2019 WL 2871160, at *3 n.1 (C.D. Cal. Apr. 26, 2019) (collecting cases).

### III. Proposed Settlement

The proposed settlement would resolve claims brought both by Plaintiff S.D. and his father, Plaintiff Davis, against Defendants PPESD, Atkins, and McDonald. (Settlement Agreement (Mot., Ex. B) at 1.) Under the terms of the settlement, these Defendants agree to pay a gross settlement amount of $35,000. (Mot. at 9–10.) Plaintiffs' counsel requests payment of 40% of the gross settlement as an attorney's fee, as expressly provided by the terms of the Attorney-Client Fee Contract entered into by Plaintiffs S.D. and Davis and their counsel prior to their entry into this action, as well as $3,980.61 in costs. (*Id.*; *see* Attorney-Client Fee Contract (Mot., Ex. A) at 2.) After attorney's fees and costs, 80% the remaining settlement amount is designated for Plaintiff S.D. and 20% is designated for Plaintiff Davis. (Mot. at 9–10.) Under these terms, Plaintiff S.D. would receive a net recovery of $13,615.51. (*Id.* at 10.) Plaintiff S.D.'s funds would be "deposit[ed] in a blocked account in an insured financial institution is subject to withdrawal only upon the authorization of the Court until the minor becomes of age of majority, and then the funds shall be disbursed to Plaintiff S.D. upon his 18th birthday." (*Id.* at 10.) Plaintiffs S.D. and Davis have agreed to release all claims against Defendants PPESD, McDonald, and Atkins and a request for

dismissal with prejudice their claims against those Defendants will be filed upon fulfillment of the settlement terms.³ (*Id.* at 8.)

## IV. Discussion

### A. Adequacy of Amount Distributed to Minor Plaintiff S.D.

The Motion provides each of the disclosures required by Local Rule 202(b)(2). The Motion indicates the age and sex of the minor (Mot. at 2) as well as the nature of the cause of action settled as well as the facts and circumstances surrounding it (*id.* at 2–7). The supplemental briefing provided by Plaintiffs also give information about the manner in which the compromise amount was reached. (*See* Suppl. Mem.) Counsel also provides a number of cases involving the use of restraints on children, many of these involving incidents at schools. (*Id.* at 2–4.) Based on the Court's review of these cases, as well an independent review of similar cases and the facts of this case, the Court approves the settlement as fair and reasonable.

Plaintiff S.D.'s recovery under the settlement is roughly commensurate with the settlements of other minors who suffered alleged unnecessary, repeated, and lengthy usages of restraints while at school. In *T.B. v. Chico Unified Sch. Dist.*, No. 2:07-cv-00926-GEB-CMK, 2010 WL 1032669 (E.D. Cal. Mar. 19, 2010), the district court approved a settlement that would provide $16,500.00 for a minor plaintiff based on use of alleged excessive force by school personnel. In *R.N. v. United States*, No. 3:17-cv-1583-L-BGS, 2019 WL 6724338 (E.D. Cal. Dec. 11, 2019), which involved severe physical injuries, the court found a settlement with $20,000.00 net recovery for the minor plaintiff to fair and reasonable. In that case, the minor suffered a broken finger and, less than two months later, a broken femur, both allegedly due to the actions or negligence of child development center staff. *Id.* at *1–3. Other broadly similar cases

---

³ The Motion states that under the terms of the agreement the "entire action" will be dismissed with prejudice. (Mot. at 8.) This phrase could be erroneously understood to mean that the agreement agrees to the dismissal of the entire *Langley v. Guiding Hands School, Inc.* action. The clear intent is to dismiss with prejudice Plaintiffs S.D. and Davis' claims against Defendants PPESD, McDonald, and Atkins. A review of the signed settlement agreement confirms this to be the case. (*See* Settlement Agreement.)

fall within this range, with natural deviation given the diversity of cases. *See e.g.*, *Colbey T. v. Mt. Diablo Unified Sch. Dist.*, No. 11-cv-03108-LB, 2012 WL 1595046, at *1–2 (N.D. Cal. May 4, 2012) (approving a $28,650.00 net recovery for a minor who was subject to improper restraints by school staff and was unprotected from bullying).

Plaintiff S.D.'s proposed settlement would provide for a net recovery to Plaintiff S.D. of $13,615.51. This falls at the low end of the range of comparable cases, but still appears relatively close to those cases.[4] Notably, this settlement *only* resolves Plaintiff S.D.'s claims against Pollock Pines Elementary School District and two related Defendants, Atkins and McDonald. The settlement does not cover address or resolve Plaintiffs' claims against *other* Defendants in this action or claims that may exist outside this action. This includes Plaintiffs' claims against GHS – the school where Plaintiff S.D. was purportedly injured – or GHS staff. While Plaintiff S.D.'s recovery in this settlement may fall at the lower end of the comparison cases, this settlement only covers a portion of Plaintiff S.D.'s claims while the settlements in those comparison cases cover the totality of those minor plaintiff's claims.

Moreover, as is regularly recognized in the context of settlements, trial presents significant risks that can cause uncertainty about a plaintiff's ability to obtain relief. Plaintiffs also openly acknowledge that proving "culpability and the nexus to the damages [for the school district and its staff] poses some difficulties factually and procedurally, increasing the chance of dismissal." (Suppl. Mem. at 5.) This settlement was also apparently reached with the assistance and advice of an experienced third-party mediator as part of a four-day mediation. (*Id.*)

While the requested attorney's fees appear somewhat high, the Court is bound to only consider the net recovery of the minor plaintiff in assessing whether the settlement is fair and reasonable. *See Robidoux*, 638 F.3d 1182. Under that sole

---

[4] Though, strictly speaking, outside the scope of Court's inquiry into the minor Plaintiff's net recovery, the fact that the Minor Plaintiff's father, Plaintiff Davis, is only designated to received 20% of the portion remaining after attorney's fees and costs, as well as the fact that Minor Plaintiff is now over the age of majority, assuages any concerns the Court may have about Plaintiffs' ability to appropriately assess the value of their claims.

consideration, the Court finds the net recovery for minor Plaintiff S.D. under the settlement agreement to be fair and reasonable.

### B. Method of Disbursement

Local Rule 202(e) requires money or property recovered on behalf of a minor to be "(1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor . . . ." Under the terms of the settlement, Plaintiff S.D.'s portion of the settlement is to be placed in a blocked account subject to withdrawal only upon Court approval, until his 18th birthday.[5] (Mot. at 10.) This appears to comply with the requirements of California law for settlements involving minor parties.[6] As such, the method of disbursement of funds to Plaintiff S.D. appears to comply with the requirements of state law and thus satisfies of Local Rule 230(e).

### CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' Motion for Approval of the Minors' Compromise (ECF No. 295) is GRANTED. IT IS FURTHER ORDERED that:

1. Petitioner is authorized on behalf of minor to compromise his claim as to Defendants Pollock Pines Elementary School District, Licia McDonald, and Pat Atkins for a total sum of Thirty-Five Thousand Dollars ($35,000.00), and to execute and deliver the necessary release, drafts and other documents to effectuate this compromise with Defendants.

---

[5] While Plaintiff S.D. has since become 18 years old, the actual effect of the terms of disbursement may not ultimately be of any significance. However, given that he was underage at the time the settlement was negotiated, the sufficiency of the agreement still warrants the full consideration of the Court.

[6] The Court notes that while the settlement amount exceeds $5,000, as structured, the settlement does *not* fall afoul of Cal. Prob. Code § 3401(c)(2) as the settlement funds are not placed in the possession of Plaintiff's parent or guardian in trust but placed in a blocked account. This is a procedure seemingly approved of by Cal. Prob. Code § 3611(b) and other courts, *see Williams v. Cnty. of Monterey*, No. 19-CV-01811-BLF, 2020 WL 7342737, at *1–2 (N.D. Cal. Dec. 14, 2020); *see also Martinez v. Nienow*, No. 3:23-cv-02338-RBM-AHG, 2024 WL 1898477, at *2 (S.D. Cal. Apr. 30, 2024).

2. Petitioner is authorized to dismiss his action with prejudice as to said Defendants upon payment of all settlement funds by said Defendants.

3. Petitioner is authorized to reimburse his attorneys' litigation costs and expenses in the amount of $3,980.61and pay fees of 40% in the amount of $14,000.00.

4. That the net settlement funds shall be paid to GAL for deposit in a blocked account in an insured financial institution and are subject to withdrawal only upon the authorization of the Court until the minor becomes of the age of majority, and then the funds shall be disbursed to Plaintiff S.D. upon his 18th birthday, or immediately should Plaintiff have already reached the age of majority before the funds are deposited in the blocked account.

IT IS SO ORDERED.

Dated:   **September 27, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – LangleySD20cv00635.minors.compromise