1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10

11    STACIA LANGLEY, et al.,                       No. 2:20-cv-00635-DJC-CSK

12                    Plaintiffs,

13           v.

14    GUIDING HANDS SCHOOL, INC., et
      al.,
15
                      Defendants.
16

17         This action was previously stayed on March 1, 2022, pending the resolution of

18    state criminal proceedings related to the events underlying some of this action.

19    Plaintiffs Stacia Langley and Estate of Max Benson have filed a motion requesting that

20    the stay be partially lifted for the limited purposes of filing motions to sever claims and

21    for leave to amend, as well as so limited discovery can begin for defendants and third

22    parties not subject to the criminal proceedings.  (Mot. (ECF No. 302).)  For the reasons

23    stated below, the Court grants in part and denies in part this motion.

24    **I.      Background**

25         Plaintiffs are children and parents of children who attended Guiding Hands

26    School ("GHS"), a nonpublic school contracted by various school districts to provide

27    special education services.  Plaintiffs' claims concern the treatment of students at GHS

28    and, in particular, the unnecessary use of restraints and force against students.  The

                                                1

1   Third Amended Complaint ("TAC"), the current operative complaint in this action,

2   brings claims against over forty defendants including the California Department of

3   Education ("CDE"), different school districts, school district employees, GHS, and GHS

4   employees.  Some Defendants are common between each Plaintiff's claims and others

5   are only relevant to individual Plaintiffs.

6         Notably, Plaintiffs include Plaintiff Estate of Max Benson and Plaintiff Stacia

7   Langley, Max Benson's mother (jointly, the "Langley Plaintiffs").  Max Benson died

8   allegedly as the result of restraints used by GHS employees.  In 2022, state criminal

9   charges were brought against four defendants in this action – GHS along with three

10  GHS employees, Kimberly Wohlwend, Cindy Keller, and Staranne Meyers – based on

11  the events that led to Max Benson's death.  The state criminal proceedings are still

12  pending at the time of this order.  Langley Plaintiffs represent that the trial has recently

13  been continued to May 27, 2025.

14        Plaintiffs originally filed this action in El Dorado County Superior Court in late

15  2019 and it was removed to this Court on March 23, 2020.  (*See* Not. of Removal (ECF

16  No. 1) at 1.)  The parties engaged in heavy pleading-stage litigation until District

17  Judge Troy L. Nunley stayed the action in full on March 1, 2022.[1]  (Stay Order (ECF

18  No. 234).)  At the time the action was stayed, there were numerous unresolved

19  motions pending before the Court.  (*See* ECF Nos. 135–137, 139, 141–146, 149, 197 ,

20  221, 223,  229.)[2]

21        Plaintiffs originally requested the stay due to the pending state criminal case

22  with several Defendants opposing a stay.  Judge Nunley granted the stay over the

23  opposition of Defendants, finding that "the *CMAX* factors weigh[ed] in favoring of

24

---

25  [1] Shortly after removal, Judge Nunley stayed discovery until the pleadings were settled.  (ECF No. 10.)
    The parties early litigation was all related to the form and adequacy of the initial pleadings.

26

27  [2] Due to the age and number of previously pending motions, this is not a definitive list of unresolved
    motions.  These motions appear to have been pending at the time of the stay but prior to the status
    conference discussed later in this order, the Court will ask the parties to identify motions that require a
28  ruling.

1   granting a stay in this action pending conclusion of the parallel criminal proceedings."

2   (Stay Order at 5.)  This stay has remained in place for over two years as the criminal

3   case remains pending.

4        Now that the trial date in the state criminal proceedings has been continued,

5   Langley Plaintiffs request that the Court lift the stay for the limited purposes of Langley

6   Plaintiffs filing a motion to sever their claims[3], filing a subsequent motion to amend

7   the Complaint in light of the severance, and conducting discovery as to Defendants

8   who are not involved in the criminal proceedings.  (*See* Mot.)  Multiple Defendants

9   have opposed the Langley Plaintiffs' Motion to Lift Stay  (ECF Nos. 304, 307–09, 311–

10  12) and the other Plaintiffs have filed a Statement of Non-Opposition to the Motion

11  (ECF No. 306).

12  **II.    Discussion**

13       Federal district courts are not obligated to stay civil proceedings during the

14  pendency of state criminal proceedings.  *Keating v. Off. of Thrift Supervision*, 45 F.3d

15  322, 324 (9th Cir. 1995).  However, a court may, in its discretion, stay civil proceedings

16  in the interests of justice.  *Id.*  The decision of whether to stay a civil action during the

17  pendency of parallel state criminal proceedings should be made "in light of the

18  particular circumstances and competing interests involved in the case."  *Id.* (internal

19  citations and quotation marks omitted).  The Court must thus consider "the extent to

20  which the defendant's fifth amendment rights are implicated[,]" as well as five

21  additional factors outlined in *Keating*: "(1) the interest of the plaintiffs in proceeding

22  expeditiously with this litigation or any particular aspect of it, and the potential

23  prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the

24  proceedings may impose on defendants; (3) the convenience of the court in the

25  management of its cases, and the efficient use of judicial resources; (4) the interests of

26  ───────────

27  [3] Langley Plaintiffs previously filed a motion to sever on August 25, 2023. (ECF No. 287.)  That motion was denied as the action was stayed and no party had sought to lift the stay.  At that time, all Defendants indicated their non-opposition to severance of the Langley Plaintiffs' claims. (*See* ECF Nos.

28  288–292.)

1    persons not parties to the civil litigation; and (5) the interest of the public in the

2    pending civil and criminal litigation." *Id.* at 324–25.  While the *CMAX* factors are

3    generally used to analyze whether to grant a stay, in the context of parallel state

4    criminal charges, courts apply the *Keating* analysis instead.  *See, e.g.*, *Cho v. City of*

5    *San Jose*, 636 F. Supp. 3d 1034 (N.D. Cal. 2022) (applying the *Keating* analysis, not the

6    *CMAX* factors); *Sostek v. County of San Bernardino*, No. 5:23-cv-02236-MRA-MRW,

7    2024 WL 3467714 (C.D. Cal. May 30, 2024) (same); *Houseton v. Kirk*, No. 2:23-cv-

8    06887-SVW-MRW, 2024 WL 3051057 (C.D. Cal. May 6, 2024) (same); *Monterrosa v.*

9    *City of Vallejo*, No. 2:20-cv-01563-DAD-DB, 2023 WL 8113523 (E.D. Cal. Nov. 22,

10   2023) (same).

11          Here, the stay of this action was based on pending criminal charges based on

12   the events surrounding Max Benson's death against four Defendants named in this

13   action.  Naturally, civil proceedings concerning these same events could implicate

14   those Defendants' Fifth Amendment rights.  However, Langley Plaintiffs request to lift

15   the stay expressly seeks to avoid any litigation that would present any such conflict.

16   The two motions Langley Plaintiffs wish to file are a Motion to Sever and, should

17   severance be granted, a Motion to Amend.  Neither of these motions implicates the

18   criminal Defendants' Fifth Amendment rights.  Langley Plaintiffs further request that

19   they be permitted to conduct limited discovery but only from Defendants and third

20   parties who are not defendants in the criminal proceedings.  (Mot. at 7 ("Langley

21   Plaintiffs humbly ask this Court to permit a lift of the stay permitting discovery into any

22   remaining Defendants or third parties who are not subject to the criminal case

23   proceedings . . . .").)  As such, the partial lift of stay requested by Langley Plaintiffs

24   does not have any implications on the Fifth Amendment rights of any defendant who

25   is presently the subject of criminal proceedings.  Turning to the other factors

26   identified in *Keating*, the Court finds that they support a partial lift of the stay.

27          *First*, this action was filed in 2019 and, five years later, has yet to proceed past

28   the pleading stage.  Plaintiffs (both Langley Plaintiffs and others) have a clear interest

4

1  in having their cases resolved quickly.  *See ESG Cap. Partners LP v. Stratos*, 22 F. Supp.

2  3d 1042, 1046 (C.D. Cal. 2014) ("Courts have recognized that a civil plaintiff has an

3  interest in having her case resolved quickly").  While the partial lift of the stay

4  requested will not resolve this action, it will mean that when criminal proceedings do

5  conclude, litigation of these civil proceedings will be more mature and closer to

6  resolution.

7  　　　*Second*, the burden imposed on Defendants in permitting limited litigation

8  would be no more than on any other defendant in a civil proceeding.  As noted

9  above, the partial lift of the stay Langley Plaintiffs request carefully avoids any conflict

10  with the state criminal proceedings.  Unlike other cases where this factor weighs in

11  Defendants favor, trial is not imminent, the criminal Defendants will not be forced to

12  choose between testifying in the civil proceedings or invoking their Fifth Amendment

13  rights, and Langley Plaintiffs do not seek to take any action that would implicate those

14  rights at all.  *See Cho*, 636 F. Supp. 3d at 1040; *see also ESG Cap. Partners*, 22 F.

15  Supp. 3d at 1046–47.

16  　　　*Third*, the Court has an interest in ensuring that this action – which all parties

17  agree is complex and will likely involve lengthy litigation even after the stay is fully

18  lifted – is proceeding forward where possible.  *Fed. Sav. & Loan Ins. v. Molinaro,* 889

19  F.2d 899, 903 (9th Cir. 1989).

20  　　　*Finally*, as to the fourth and fifth factors identified in *Keating*, there is no

21  indication that non-parties have a particular interest in this litigation.  With that said,

22  the interest of the public in both the criminal and civil litigation is undoubtedly high

23  given the publicity of the underlying events and the broader interest in the safety of

24  children in schools.  Weighed together, the *Keating* factors thus clearly favor partially

25  lifting the stay to permit litigation to proceed insofar as it does not implicate the Fifth

26  Amendment rights of Defendants.

27  　　　Defendant CDE, Yolo Defendants, and Davis Joint Unified School District

28  Defendants argue that the Court should first resolve the pending motions to dismiss

1    before considering a Motion to Sever.  (*See* ECF No 304 at 3; ECF No. 308 at 3; ECF

2    No. 309 at 5.)  The Court has not received any motion to partially lift the stay to

3    adjudicate those motions.  Additionally, each of these Defendants who now argue that

4    their Motions to Dismiss should be resolved before severance previously filed

5    Statements of Non-Opposition to Langley Plaintiffs' prior Motion to Sever.  (*See* ECF

6    Nos. 288, 290, 291.)  None of the Defendants who now argue that the Motions to

7    Dismiss should be adjudicated first previously raised this concern.  Thus, these

8    Defendants arguments now that the Court should not consider a Motion to Sever

9    before ruling on the Motions to Dismiss is unpersuasive.  Moreover, it is not clear that

10   adjudicating those motions first before addressing severance would provide any

11   substantial savings of time and energy for the Court and parties.  This is not to suggest

12   that the Court will ultimately grant Langley Plaintiffs' proposed motions, only that the

13   Court will resolve these motions first, regardless of the result.

14        With the above said, the Court will only grant Langley Plaintiffs' Motion in part

15   and lift the stay for only for purposes of the Motion to Sever and, should that

16   severance be granted, a Motion for Leave to File an Amended Complaint.  After the

17   Court rules on those motions, it is the Court's intent to set a status conference with all

18   parties to determine whether the stay should be lifted for any other purpose

19   including, but not limited to, resolving some of the pending motions to dismiss and

20   permitting the parties to engage in limited discovery.  As such, the remainder of

21   Langley Plaintiffs' Motion is denied without prejudice to renewal after the resolution of

22   the forthcoming Motion to Sever.

23   **III.    Conclusion**

24        For the reasons stated above, IT IS HEREBY ORDERED, that:

25        1.   Langley Plaintiffs' Motion to Partially Lift Stay (ECF No. 302) is GRANTED

26             IN PART as to the forthcoming Motion to Sever and, should severance be

27             granted, Motion to Amend and DENIED IN PART as the request to

28             engage in limited discovery;

2. Within 14 days of this order, Langley Plaintiffs shall file their Motion to Sever.  Defendants shall file Opposition or Statements of Non-Opposition within 14 days of that Motion being filed and any Reply shall be due 10 days thereafter.  After an order is issued as to the Motion to Sever, the Court will issue an order setting a further schedule.

3. The stay of this action remains in effect for all other purposes.

IT IS SO ORDERED.

Dated:   **December 6, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 - langley20cv00635.liftstay

7