UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIA LANGLEY, et al., | No. 2:20-cv-00635-DJC-CSK |
| Plaintiffs, | |
| v. | ORDER |
| GUIDING HANDS SCHOOL, Inc., et al., | |
| Defendants. | |

Currently pending before the Court is a Motion for Good Faith Settlement Determination pursuant to California Code of Civil Procedure Section 877.6. (Mot. (ECF No. 321-1).) This Motion is filed by Elk Grove School District Defendants (Elk Grove Unified School District, Elk Grove SELPA, Doug Phillips, and Marilyn Delgado), Folsom County School District Defendants (Folsom Cordova Unified School District, Folsom Cordova SELPA, Betty Jo Wessinger, Kim Triguero, and Meghan Magee), and Pollock Pines Elementary School District Defendants (Pollock Pines Elementary School District, Pat Atkins, and Licia McDonald) based on settlements that were reached with Plaintiffs M.S., Melanie Stark, D.Z., Laura Kinser, S.D., and Christopher Davis. No party has opposed this Motion. (*See* ECF Nos. 327, 328 (statements of non-opposition).)

////

////

1

The Court takes this matter under submission without oral argument.[1] *See* Local Rule 230(g); *see also* Cal. Civ. Pro. Code § 866.6(b).

The Court is obligated to apply state substantive law to state law claims for which it has diversity or supplemental jurisdiction. *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011). This includes application of Code of Civil Procedure Section 877.6. *Id.* Section 877.6 provides that where an action involves two or more joint tortfeasors, a party may move for the court to determine that a settlement was made in good faith. *See* Cal. Civ. Proc. Code § 877.6. Should the court find that the settlement was made in good faith, a joint tortfeasor is barred "from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id.* § 866.6(c). To determine if a settlement is made in good faith, the Court utilizes the *Tech-Bilt* factors which require the Court to consider: (1) a rough approximation of the plaintiff's total recovery and the settlors' proportional liability; (2) the amount paid in settlement; (3) the allocation of settlement proceeds among plaintiffs; (4) the recognition that a settlor should pay less in settlement than he would if he were found liable after trial; (5) the financial conditions and insurance policy limits of the settling tortfeasor; and (6) the existence of collusion, fraud, or tortious conduct intended to injure the interests of the non-settling parties. *See Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488 (1985).

Where the good faith nature of a settlement is not in dispute, the Court need not consider the *Tech-Bilt* factors. *City of Grand Terrace v. Super. Ct. of San Bernardino Cnty.*, 192 Cal. App. 3d 1251, 1261 (1987); *see Geo Guidance Drilling Services, Inc. v. Renaissance Res., LLC*, No. 1:20-cv-00465-CDB, 2023 WL 5020479, at

---

[1] No party has objected to the Court lifting the stay of this action for the limited purpose of considering this Motion. As such, the Court will do so. Nothing about this order should be construed as lifting the stay for any other purpose beyond the limited purposes for which the Court previously ordered the stay lifted. (*See* ECF No. 319.)

*2 (E.D. Cal. July 7, 2023); *see also* Cal. Civ. Pro. Code § 866.6(d). No party has opposed or disputed the good faith nature of this settlement. Thus, the Court need not apply the *Tech-Bilt* factors in approving Defendants' Motion. However, out of an abundance of caution, the Court has read the motion and declarations provided to the Court and considered them under the *Tech-Bilt* factors. Having done so, the Court finds that the settlement to be made in good faith.

The settlement is composed of three related settlements between school district Defendants and the relevant Plaintiffs. Plaintiffs M.S. and Melanie Stark have settled their claims with Elk Grove School District Defendants for $75,000, Plaintiffs D.Z. and Laura Kinser's settlement is with Folsom County School District Defendants for $55,000, and Plaintiffs S.D. and Christopher Davis settled their claims against Pollock Pines Elementary School District Defendants for $35,000. (Mot. at 11.) Each of these settlement amounts includes attorney's fees and costs. Given the relatively limited involvement of the school district Defendants in Plaintiffs' claims, these amounts appear reasonably proportional to the potential liability associated with these Defendants. *See City of Grand Terrace v. Superior Ct. of San Bernardino Cnty.*, 192 Cal. App. 3d 1251, 1260 (1987) (a settlement to be made in good faith must only be within a reasonable range of relative liabilities); *see also Tech-Bilt*, 38 Cal. 3d at 501 n.9. The Court notes that this settlement was reached before pleadings have been finalized and that settling Defendants have motions to dismiss pending that remain unresolved due to the stay of this action that has been in place. (*See* ECF Nos. 141, 142, 144.) The Court also acknowledges the settling parties should pay less in settlement than they would if they were found liable at trial. There is no indication that the settlement were the product of collusion, fraud, or other improper conduct; they were the result of a multi-day global mediation with a neutral mediator.[2] (Mot. at 1.)

---

[2] The Court also notes that it previously considered and approved the minor's compromise of Plaintiffs M.S. and S.D. related to these settlements, though the Court is limited in what it can consider in ruling on a motion for approval of minor's compromise. (*See* ECF Nos. 313, 314.)

3

The settlement satisfies the *Tech-Bilt* factors and thus the Court determines that it is made in good faith within the meaning of Section 877.6.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Motion for Good Faith Determination (ECF No. 321) is GRANTED;
2. Under California Code of Civil Procedure § 877.6, the settlement agreement of the parties constitutes a good faith settlement; and
3. The hearing current scheduled for February 6, 2025, at 1:30 a.m. in Courtroom 7 before Judge Daniel J. Calabretta is VACATED.[3]

IT IS SO ORDERED.

Dated:  **January 24, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – langley20cv00635.gfs

---

[3] All other scheduled hearing dates remain and are not altered by this order.

4