**SCHUERING & DOYLE**
400 University Avenue
Sacramento, California 95825
Telephone (916) 567-0400
Fax (916) 568-0400
Daniela P. Stoutenburg - State Bar No. 183785; Email: dps@szs.com
Carolyn L. Northrop – State Bar No. 237989; Email: cln@szs.com
Attorneys for HANDLE WITH CARE BEHAVIOR MANAGEMENT SYSTEM, INC.
(*erroneously sued as "Handle With Care Behavior Management Systems, Inc."*)

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIA LANGLEY, ET AL.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GUIDING HANDS SCHOOL, INC., ET AL.,<br><br>    Defendants. | Case No.:   2:20-cv-00635-DJC-CSK<br><br>**STIPULATION AND ORDER DISMISSING (WITHOUT PREJUDICE) DEFENDANT HANDLE WITH CARE BEHAVIOR MANAGEMENT SYSTEM, INC.** |

## **RECITALS**

WHEREAS, Plaintiffs MELANIE STARK; M.S., BY AND THROUGH HIS GUARDIAN AD LITEM, REBECCA ESPINOSA; E.D., BY AND THROUGH HIS GUARDIAN AD LITEM, ANTHONY MATTUCHIO; KRISTIN COUGHLIN and ROBERT DARROUGH; D.Z., BY AND THROUGH HIS GUARDIAN AD LITEM, REBECCA ESPINOZA; LAURA KINSER; S.D., BY AND THROUGH HIS GUARDIAN AD LITEM, JEREMEY SUNDBY; CHRISTOPHER DAVIS; J.P., BY AND THROUGH HIS GUARDIAN AD LITEM, SARAH WALTERS; CHERILYN CALER; H.K., BY AND THROUGH HIS GUARDIAN AD LITEM, KATE MULLER; SUZANNE MULLER; AUSTIN PETERSEN, BY AND THROUGH HIS GUARDIAN AD LITEM, TIMOTHY PETERSEN (Plaintiffs) have filed this action arising out of the use of restraints while they were students at Guiding Hands School.

///

**STIPULATION AND ORDER DISMISSING (WITHOUT PREJUDICE) DEFENDANT HANDLE WITH CARE BEHAVIOR MANAGEMENT SYSTEM, INC.**

WHEREAS, Plaintiffs have named Defendant Handle With Care Behavior Management System, Inc. ("HWC"), amongst other Defendants;

WHEREAS, Plaintiffs desire to streamline the litigation by dismissing certain Defendants and withdrawing certain legal theories, without prejudice to seeking leave to add these Defendants or legal theories back into the action if discovery later reveals that they may be liable for Plaintiffs' injuries as alleged in this action;

WHEREAS, counsel for Plaintiffs have met and conferred with counsel for HWC, and these Parties have reached agreement on the terms under which this Defendant should be dismissed from this action without prejudice.

WHEREFORE, the Parties stipulate and agree as follows:

1. Defendant HWC shall be dismissed as a Defendant in this action, without prejudice;
    a. Nothing about this stipulation precludes Plaintiffs from seeking leave to amend the operative Complaint to re-name HWC as a Defendant if discovery later reveals new, material evidence, that would provide a reasonable likelihood of liability on HWC's part. Conversely, nothing about this stipulation precludes HWC from opposing any such motion for leave to amend. The Parties agree that any motion seeking leave to re-name HWC must be filed no later than 180 days prior to the last day to complete fact discovery (pursuant to the original trial date). Should HWC be re-named as a defendant in this matter, nothing about this stipulation precludes HWC from requesting a continuance of trial, if need be, in order to ensure that HWC has adequate time to prepare a defense and file any dispositive motion, which Plaintiffs agree to not oppose. Also, nothing in this stipulation precludes HWC from filing a motion to dismiss should HWC be re-named as a defendant in this matter;
2. In the event the Court later grants a motion by Plaintiffs for leave to amend that permits Plaintiffs to re-name HWC as a Defendant, the Parties agree that any and all applicable statute(s) of limitation shall be deemed equitably tolled during the period of

1  HWC's dismissal from this litigation, as though no such dismissal had occurred. The
2  Parties further stipulate and agree that any statute of limitations defense that may have
3  existed prior to the dismissal of HWC pursuant to this stipulation, can be asserted by
4  HWC in the event that that HWC is re-named as a defendant in this action.

3. Unless HWC is later re-named as a Defendant in this action, Plaintiffs and HWC hereby agree to bear their own costs and attorney's fees incurred in this action.

**IT IS SO STIPILATED.**

Dated:  April 30, 2025

/s/ Seth L. Goldstein
Seth L. Goldstein
Lead-Counsel for Plaintiffs

Dated:  April 30, 2025

/s/ Merit Bennett
Merit Bennett, *Pro Hac Vice*
Attorneys for Co-Counsel for Plaintiffs

Dated:  April 30, 2025        **SCHUERING & DOYLE**

/s/ Daniela P. Stoutenburg
Daniela P. Stoutenburg
Carolyn L. Northrop
Attorneys for Handle with Care Behavior
Management System, Inc.

**ORDER**

The Court, having reviewed the Parties stipulation set forth above, and good cause appearing therefore, hereby orders as follows:

1. Defendant Handle With Care Behavior Management System, Inc. ("HWC") is hereby dismissed from this action without prejudice.

2. If discovery later reveals new, material evidence, that would provide a reasonable likelihood of liability on HWC's part, Plaintiffs may seek leave to amend the operative Complaint to re-name HWC as a Defendant, and Defendant may oppose any such motion. Any such motion must be filed no later than 180 days prior to the last day to complete fact discovery (pursuant to the original trial date). Should HWC be re-named as a defendant in this matter, HWC may request a continuance of trial, if need be, in order to ensure that HWC has adequate time to prepare a defense and file any dispositive motion, which Plaintiffs agree to not oppose. Also, HWC will have the opportunity to file a motion to dismiss should HWC be re-named as a defendant in this matter.

3. In the event the Court later grants a motion by Plaintiffs for leave to amend that permits Plaintiffs to re-name HWC as a Defendant, any and all applicable statute(s) of limitation shall be deemed to have been equitably tolled during the period of HWC's dismissal from this litigation, as though no such dismissal had occurred. Further, any statute of limitations defense that may have existed prior to the dismissal of HWC pursuant to this stipulation, can be asserted by HWC in the event that that HWC is re-named as a defendant in this action;

4. Unless HWC is later re-named as a Defendant in this action, Plaintiffs and HWC shall each bear their own costs and attorney's fees incurred in this action.

**IT IS SO ORDERED.**

Dated: April 30, 2025                    /s/ Daniel J. Calabretta
                                         THE HONORABLE DANIEL J. CALABRETTA
                                         UNITED STATES DISTRICT JUDGE