UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIA LANGLEY, et al.,[1] | No. 2:20-cv-00635-DJC-CSK |
| Plaintiffs, | |
| v. | ORDER |
| GUIDING HANDS SCHOOL, Inc., et al., | |
| Defendant. | |

Following the severance of the Langley Plaintiffs from this action, Plaintiffs have now filed a Motion for Leave to File a Fourth Amended Complaint. This Motion is unopposed by the Guiding Hands Defendants but is opposed by Defendant California Department of Education ("CDE"). Defendant CDE argues that Plaintiffs' Motion should be denied as to the inclusion of Tom Torlakson as a defendant in three causes of action as well as to the addition of additional plaintiffs in one cause of action.

---

[1] Plaintiffs request that the caption of this case be updated to reflect Melanie Stark as the lead Plaintiff of this action so as to easily distinguish this case from the severed Langley action. The Court grants this unopposed request and directs the Clerk of the Court to update the docket of this case to reflect Melanie Stark as the lead Plaintiff. For purposes of this order, the case caption still lists Stacia Langley as the lead Plaintiff as this remains the case name at the time this order is entered.

1

For the reasons stated below, Plaintiffs' Motion to Amend is granted in part and denied in part.

## BACKGROUND

The history and factual background of this case are well known to the Court and parties. In short, Plaintiffs are students who attended the Guiding Hands School ("GHS") and the parents of those students. Plaintiffs allege that while at GHS, Student Plaintiffs were subjected to improper and excessive usage of restraints. Plaintiffs initially filed suit against GHS, several GHS employees, the California Department of Education, school districts, Special Education Plan Areas, and other defendants. Through settlement and severance of the claims of a discrete group of Plaintiffs (the Langley Plaintiffs), these claims have been largely reduced to claims against GHS, several of its employees, CDE, and California's State Superintendent of Public Instruction ("SSPI").

As important background for this Motion and Defendant CDE's Opposition, Plaintiffs' Second Amended Complaint ("SAC") identified Tony Thurmond as the SSPI Defendant. However, Thurmond did not become the SSPI until January 2019, after the majority of events relevant to this action had already occurred. As part of the prior motion to dismiss the SAC, Defendant CDE and Thurmond argued that Thurmond was not the appropriate SSPI Defendant. Plaintiffs agreed that Thurmond was not the proper defendant and stated they intended to bring claims against Tom Torlakson as the SSPI Defendant. As a result, District Judge Troy L. Nunley dismissed claims against Thurmond. (ECF No. 123 at 8.) Plaintiffs' Third Amended Complaint ("TAC"), which was filed shortly thereafter and is the current operative complaint, did not include Thurmond, Torlakson, or any other SSPI Defendant. (*See* TAC (ECF No. 126).) On October 22, 2021, Plaintiffs filed a motion for leave to file an amended complaint that would include former Torlakson as a Defendant. (*See* ECF No. 197.) That motion, along with many others, was not resolved before Judge Nunley stayed this action. (*See* ECF No. 234.)

Plaintiffs' Proposed Fourth Amended Complaint ("FoAC") filed in connection with their present Motion again seeks to add former SSPI Tom Torlakson as a Defendant. (Proposed FoAC (ECF No. 360-1) at 5.) Specifically, the Proposed FoAC would add Torlakson as a defendant as to Plaintiffs' Third Cause of Action under 42 U.S.C. § 1983, Twelfth Cause of Action for negligence, and Thirteenth Cause of Action for fraud. (*See id.* at 66, 89, 93.) Defendant CDE opposes the inclusion of Torlakson in the section 1983 and negligence causes of action on the basis that these claims against Torlakson are untimely. Defendant also contends that both the fraud and negligence causes of action are not viable for failure to comply with California's Government Claims Act and because the claims are otherwise not sufficiently pled. Finally, Defendant argues that the addition of Student Plaintiffs beyond Plaintiff M.S. to the negligence cause of action is improper as the statute of limitations for these claims has passed and there is no allegation that they complied with the Government Claims Act before bringing these claims.

Briefing is complete for Plaintiffs' Motion. (Mot. (ECF No. 360); Opp'n (ECF No. 365); Reply[2] (ECF No. 367).) At the request of Plaintiff and opposing Defendant CDE, the Court took this matter under submission pursuant to Local Rule 230(g). (ECF No. 70.)

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a)(2), Plaintiffs may only amend their pleadings with leave of the Court. Rule 15(a)(2) standard for amendment is permissive and the Rule specifically instructs that "[t]he court should freely give leave when justice so requires." The Ninth Circuit has consistently instructed that "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted).

---

[2] Pursuant to the stipulation of the Parties, the Court has disregarded and not considered the portion of Plaintiffs' Reply between Page 7, line 1 and Page 13, line 15. (*See* ECF No. 368.) The balance of the Reply was considered.

However, while Rule 15 strongly favors amendment, this does not mean that Plaintiffs are automatically entitled to amend their pleadings. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). "[C]ourt[s] considers the following five factors to assess whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Id*. (citation omitted).

## DISCUSSION

### I. Claims Against SSPI Torlakson

#### A. Futility

##### 1. Timeliness

Defendant CDE's main contention is that the addition of SSPI Torlakson as a defendant to Student Plaintiffs' section 1983 and Plaintiff M.S.'s negligence claims[3] is futile as both of the claims are no longer timely as to Torlakson. Federal courts in California apply a two-year statute of limitations for claims under section 1983. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). Claims for negligence are also subject to a two-year statute of limitations under California law. *See* Cal. Code Civ. P. § 335.1.

Under California law, claims accrue when the harm is complete, and the Plaintiff knows or has reason to know of the harm. *See Pooshs v. Philip Morris USA, Inc.*, 51 Cal. 4th 788, 797 (2011); *see also Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004). Plaintiffs identify December 20, 2018, as the earliest possible accrual date, based on the issuance of an investigation report, while Defendant CDE identifies an accrual date of December 6, 2018, based on the last date the events at issue are alleged to have occurred. (Opp'n at 5, Reply at 10.) However, for reasons discussed

---

[3] This section addresses the addition of Torlakson to all Student Plaintiffs' section 1983 claims but only Plaintiff M.S.'s negligence claims against Torlakson. The negligence claims of other Student Plaintiffs against Torlakson are addressed in a later section. *See Infra* Discussion, II.

below, the fourteen-day difference between these two dates is insignificant as Plaintiffs' claims are timely even under the earlier December 6, 2018, accrual date. As such, the Court utilizes this earlier accrual date without deciding it is the correct date of accrual. Based on a date of accrual of December 6, 2018, the two-year statute of limitations for Plaintiffs' section 1983 and negligence claims would expire on December 6, 2020.

On May 3, 2020, within the limitation period for both claims, Plaintiffs filed a Second Amended Complaint that included SSPI Thurmond as a Defendant. (ECF No. 12.) During motion to dismiss proceedings for the Second Amended Complaint, Defendants identified, and Plaintiffs agreed, that Thurmond was not the correct SSPI Defendant and that the claims should instead be brought against former SSPI Torlakson. (ECF No. 72 at 1.) On October 22, 2021, after the limitation period had expired, Plaintiffs filed a motion requesting leave to file an amended complaint that included Torlakson as a defendant. (ECF No. 197.) That motion was not resolved before this case was stayed by Judge Nunley. As Defendant CDE acknowledges, this is the date that Plaintiffs attempted to assert these claims against Torlakson. Thus, the question is whether Plaintiffs' claims against Torlakson can be considered timely on October 22, 2021, if the limitation period for those claims ran on December 6, 2020.

This question is easily resolved through application of the Federal rules for relation back of amendments. Rule 15(c) permits an amended complaint to relate back to a prior pleading when certain conditions are met: "(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it." *Butler v. Nat. Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1202 (9th Cir. 2014) (quoting *Schiavone v.*

////

////

*Fortune*, 477 U.S. 21, 29 (1986)).  The second and third requirements must be fulfilled within ninety days of the filing of the original complaint.  *Id.*[4]

Defendant CDE does not contest that the first condition is satisfied; besides Plaintiffs incorrectly identifying Thurmond as the SSPI, the alleged conduct is the same and involves the same action or inaction by CDE and the SSPI Defendant.  Instead, Defendant focuses on the second and third requirements and argues Plaintiffs have not shown that within ninety days of the SAC being filed, Torlakson had notice of the lawsuit or that Torlakson knew or should have known he would have been named in the original complaint but for an error.  (Opp'n at 6.)  These arguments are unpersuasive.

Plaintiffs filed the SAC that named Thurmond as a defendant on May 3, 2020.  (*See* ECF No. 12.)  On May 26, 2020, twenty-three days after the SAC was filed, Defendant CDE and Thurmond filed a motion to dismiss and therein identified that Thurmond was not SSPI at the time of the events in question.  (ECF No. 43.)  In their opposition to that motion filed July 9, 2020, Plaintiffs acknowledged Thurmond was not the proper defendant, specifically identified that Torlakson was the correct defendant, and expressed a clear intent to name Torlakson as a defendant in a future amended complaint.  (ECF No. 72 at 1 ("Plaintiffs intend to file a motion to amend their complaint which, among other things, will seek to name and bring a Section 1983 claim against former Superintendent of Schools Tom Torlakson in his personal capacity.").)[5]

---

[4] Rule 4(m) was amended in 2015 to reduce the time for service from 120 to 90 days.  *See* Fed. R. Civ. P. 4(m).

[5] In their Reply, Plaintiffs explain that Torlakson was not added to the Third Amended Complaint because Plaintiffs believed that the addition of Torlakson was outside of the scope of the amendment permitted by Judge Nunley's order.  (Reply at 12.)  Whether or not Plaintiffs are correct that adding Torlakson at that stage was improper is ultimately not relevant to this Order, but Plaintiffs' belief that they were not permitted to add Torlakson as a defendant in the Third Amended Complaint provides an explanation for his omission.

6

Plaintiffs' statement in their opposition provided clear notice to Torlakson within the ninety-day period supplied by Rule 4(m) and well before the statutes of limitations would have run on Plaintiffs' claims. Even prior to Plaintiffs' identification that Torlakson was the correct defendant, Defendant CDE and former Defendant Thurmond themselves had identified that Thurmond was not the SSPI at the time of the events at issue in this case. While the motion to dismiss did not mention Torlakson, the identification that Thurmond was not the SSPI at that time goes hand in hand with the identification of Torlakson as the proper defendant.

In their present Motion, Plaintiffs may not have presented evidence that Torlakson was in fact aware of this lawsuit, but identification that Thurmond was not the correct defendant by Counsel for the California Department of Education and Plaintiffs' clear statement in response that Torlakson was the intended defendant is more than sufficient to establish that notice was provided. *See* Fed. R. Civ. P. 15(c)(1)(C)(i). Similarly, this is also sufficient to show that Torlakson at least should have known that the action would have been brought against him but for a mistake concerning identity, even if Plaintiffs do not have evidence of Torlakson's actual knowledge. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii).

Separately, Defendants also argue that Torlakson would be prejudiced by his inclusion, which is relevant to the second requirement for the amendment to relate back. *Butler*, 766 F.3d at 1202. The thrust of Defendant's argument for prejudice is that "the events at issue occurred long ago" and that Torlakson, as a public servant, should be protected by the statute of limitations. It is clear that Torlakson should have been on notice that he would be subject to suit. Plaintiffs even sought to add Torlakson back in 2021. The main source of the significant delay in adding Torlakson is the stay of this action that has been in place for over three years.

The Court finds that Rule 15(c) applies, and Plaintiffs' claims against Torlakson relate back to Plaintiffs' prior, timely filed complaint.[6]  Student Plaintiffs' section 1983 claims and Plaintiff M.S.'s negligence claim against Torlakson are thus timely.  *Butler*, 766 F.3d at 1202.  As such, permitting Plaintiffs to amend their complaint to include these claims against Defendant Torlakson is not futile based on untimeliness.

### 2.  Negligence and Fraud Claims

Defendant CDE also argues that Plaintiff M.S.'s negligence and fraud claims against Torlakson are futile based on alleged failures to comply with California's Government Claims Act, identify a mandatory duty that would permit Torlakson to be sued under Government Code section 815.6, and, as to the fraud claim, satisfy the particularity requirement under Federal Rule of Civil Procedure 9(b).  The Court finds that these are issues better resolved on a motion to dismiss.

It is common for courts to defer consideration of issues that may go to futility if they are better developed and addressed via a motion to dismiss.  *See, e.g.*, *EBET, Inc. v. Aspire Glob. Int'l Ltd.*, No. 2:23-cv-01830-GMN-DJA, 2024 WL 2059335, at *1–2 (D. Nev. May 8, 2024) ("Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment." (quoting GMAC Mortg. LLC v. Nevada Ass'n Servs., Inc., No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018)) ; *Lundstrom v. Young*, No. 3:18-cv-02856-GPC-MSB, 2019 WL 2341374, at *2–3 (S.D. Cal. June 3, 2019) ("[W]hen the parties' arguments are more completely formed, Courts are better able to rule on the sufficiency of the allegations presented.").  Defendant CDE raises arguments that warrant further consideration, especially as it relates to whether Plaintiffs have established the existence of a mandatory duty that would permit liability

---

[6] The Court may apply the more permissive of state and federal law on relation back.  *Butler*, 766 F.3d at 1200.  As the Court finds that these claims relate back under Federal law, no analysis of California law is necessary.

under section 815.6.  However, in light of the Court's ruling above, Torlakson will be added as a Defendant to Plaintiff's section 1983 claim regardless of these arguments.  Thus, even if Defendant is correct, resolution of these issues at this stage would not prevent the addition of Torlakson as a defendant.  Additionally, CDE is already a Defendant in this action and questions regarding the application of section 815.6 will likely need to be resolved at a later stage regardless of Torlakson's inclusion.  As such, it is preferrable to defer consideration of these issues so that they can benefit from more complete briefing be subject to a unified resolution during the motion to dismiss stage.

### B. Prejudice

Defendant CDE also argues that Torlakson will be prejudiced by the amendment.  As discussed in part previously, Defendant's argument is centered on the length of time since the events in question occurred.  (Opp'n at 10.)  As the Court noted, a large portion of the delay in question was the result of the stay of this action, as well as substantial delay in the resolution of motions since the case was originally removed.  More importantly, Defendant has not identified any specific prejudice; Defendant simply asserts that the time since the events and the fact that Torlakson is no longer the SSPI prejudices Torlakson.  Defendant CDE has not met their burden to establish prejudice to Torlakson in permitting amendment.  *DCD Programs, Ltd., v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

### C. Undue Delay and Prior Amendments

Defendant's argument that Plaintiffs have unduly delayed is unpersuasive.  Again, much of the delay in amending to add claims against Torlakson was the stay presently in place and prior delays in the issuance of orders.  While there was a gap between the resolution of the motion to dismiss the second amended complaint and Plaintiffs' prior motion for leave to amend, that period was relatively minimal and Plaintiffs had already clearly expressed their intent to add Torlakson to the action.

Similarly unpersuasive is Defendant CDE's suggestion that leave to amend should not be granted as Plaintiffs have previously amended three times. This action was removed after the First Amended Complaint was already filed and Plaintiffs amended as a matter of right shortly thereafter. (*See* ECF Nos. 1, 11.) Plaintiffs' Second Amended Complaint was dismissed during a prior motion to dismiss (*see* ECF No. 123), but that was over four years ago and the sole time the legal sufficiency of Plaintiffs' claims has been directly addressed in federal court. Thus, while this will be Plaintiffs' Fourth Amended Complaint, the number of amendments overstates the degree to which these claims have been litigated and does not weigh strongly against permitting amendment at this time.

\* \* \* \*

Given the above, the Court finds that amendment to Torlakson as a Defendant to the Third, Twelfth, and Thirteenth Cause of Action is warranted under Rule 15. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 738.

## II. Negligence Claims as to Student Plaintiffs

Defendant CDE also opposes the inclusion of additional Student Plaintiffs beyond Plaintiff M.S. to the negligence cause of action as to Defendant CDE and Torlakson. Prior Complaints only included negligence claims against CDE (or Thurmond) from the now severed Langley Plaintiffs and M.S. (TAC at 149–50; SAC at 152.) The Proposed Fourth Amended Complaint now states that the claims against Defendant CDE and Torlakson as "Plaintiff Students against CDE, SSPI Torlakson" instead. (Proposed FoAC at 89.)

Defendant CDE argues that these claims by the other Student Defendants are untimely on a similar basis to M.S.'s claims discussed above. Defendant also notes that, unlike for Plaintiff M.S., the Proposed FoAC does not allege that these other Student Plaintiffs filed a government tort claim in compliance with California's Government Claim Act. Plaintiffs did not provide any direct response to these arguments in their Reply. (*See* Reply.)

10

Unlike the claims as to M.S., claims from the other student Plaintiffs do not relate back to a prior complaint. As far as the Court can discern, this is the first time Plaintiffs have mentioned claims from other current Student Plaintiffs against Defendant CDE and an SSPI defendant. Even the proposed amended complaint attached to the previous unresolved motion for leave to amend, the proposed complaint associated with that motion did not contain claims against CDE and Torlakson from the other current Student Plaintiffs. As such, these claims are plainly raised outside the two-year limitation period. Relation to prior complaints and equitable tolling do not apply as this is the first time these Plaintiffs have raised negligence claims against CDE and Torlakson.

Moreover, Plaintiffs' fail to allege that these Student Plaintiffs had even partially but substantially complied with the Government Claims Act. In their Reply, Plaintiffs clearly state that Plaintiffs M.S. and Stark complied with their obligations under the Government Claims Act as to claims against Torlakson but do not assert that the other Plaintiff exhausted their claims. (Reply at 7–8.) Thus, the strong indication in both the Proposed FoAC and the Reply is that the other Student Plaintiffs did not file claims as required by the Government Claims Act.

Given the lack of any factual allegations rendering these claims timely and Plaintiffs' failure to provide explanation or response regarding the adequacy of these claims, the Court finds that amendment would be futile as to the negligence claims against Defendant CDE and Torlakson from other Student Plaintiffs besides Plaintiff M.S. Plaintiffs will be directed to file a revised version of the Proposed Fourth Amended Complaint that includes only Plaintiff M.S.'s negligence claims against Defendant CDE and Torlakson and excludes the other Student Plaintiffs.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 360) is GRANTED IN PART and DENIED IN PART as follows:

        a. Plaintiffs' Motion is DENIED as to the addition of Student Plaintiffs besides Plaintiff M.S. to the negligence claim against Defendant CDE and Torlakson; and

        b. Plaintiffs' Motion is GRANTED in all other respects.

2. Within seven days of this order, Plaintiffs shall file on the docket a revised version of their Proposed Fourth Amended Complaint that excludes the addition of new student plaintiffs to Plaintiffs' Twelfth Cause of Action for negligence, as identified above. That filing shall be entitled "Fourth Amended Complaint" and serve as the operative complaint in this action.

3. The Clerk of the Court is directed to update the docket of this case to reflect Melanie Stark as the lead Plaintiff and alter the case title accordingly.

4. Within twenty-one (21) days of this order, Parties shall meet and confer and file a Joint Status Report in which the parties shall <u>briefly</u> and without legal argument state their positions as to how they believe this action should proceed forward and whether the stay should remain in place given the severance of the Langley Plaintiffs.

IT IS SO ORDERED.

Dated: **September 4, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – kinser20cv00635.mta