CYNTHIA G. LAWRENCE (SBN 148927)
SHARONROSE CANNISTRACI (SBN 121827)
BLAZE VAN DINE (SBN 251946)
SIMS, LAWRENCE & BROGHAMMER
1478 Stone Point Drive, Suite 450
Roseville, CA 95661
Telephone: (916) 797-8881
Facsimile: (916) 253-1544
Email  cynthia@sims-law.net
           sharonrose@sims-law.net
           blaze@sims-law.net
           SLB-eService@sims-law.net

Attorneys for Defendants
GUIDING HANDS SCHOOL, INC.,
STARRANNE MEYERS AND CINDY KELLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE STARK, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>GUIDING HANDS SCHOOL, INC., et al.<br><br>    Defendants. | No.  2:20-cv-00635-DJC-CSK<br><br>**NOTICE OF MOTION AND MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION BETWEEN GUIDING HANDS SCHOOL, INC. AND ALL PLAINTIFFS**<br><br>**Date:**  **March 19, 2026**<br>**Time:**  **1:30 PM**<br>**Courtroom: 7, 14th Floor** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on **March 19, 2026** at **1:30 PM**, or as soon thereafter as the Court is available, before the Honorable Daniel J. Calabretta in Courtroom 7, 14th Floor, of the United States District Court for the Eastern District of California, located at the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, Defendant GUIDING HANDS SCHOOL, INC. ("GHS") will, and hereby does, move this Court for a determination of good faith settlement.  This Motion is based upon this Notice of Motion; Motion in support thereof; Declaration and Stipulation filed in support, rebuttal

-1-

**NOTICE OF MOTION AND MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION BETWEEN GUIDING HANDS SCHOOL, INC. AND ALL PLAINTIFFS**

papers and other briefing related to this Motion; the full record in this case; argument of counsel; and such other matters as the Court may consider.

I. **INTRODUCTION**

Defendant GUIDING HANDS SCHOOL, INC., ("GHS") has reached settlement agreements with all Plaintiffs in this action, specifically: (1) E.D., a minor, by and through his Guardian Ad Litem, GARY DEMURES, by and through his Next Friends, ROBERT DARROUGH and KRISTEN COUGHLIN, and ROBERT DARROUGH and KRISTEN COUGHLIN, as individuals and all related Plaintiffs; (2) D.Z., by and through his Next Friend, LAURA KINSER and LAURA KINSER, as an individual and all related Plaintiffs; (3) S.D., by and through his Next Friend, CHRISTOPHER DAVIS and CHRISTOPHER DAVIS, as an individual and all related Plaintiffs; (4) J.P., by and through his Next Friend, CHERILYN CALER and CHERILYN CALER, as an individual and all related Plaintiffs; (5) H.K., by and through his and Next Friend SUZANNE MULLER, and SUZANNE MULLER, as an individual and all related Plaintiffs; (6) A.K., by and through his Next Friend and Guardian Ad Litem, TIMOTHY PETERSEN, and all related Plaintiffs and; (7) M.S., a minor, by and through his Guardian Ad Litem, CHRISTOPHER STARK, and by and through his Next Friend, MELANIE STARK, and MELANIE STARK, as an individual and all related Plaintiffs (collectively herein "PLAINTIFFS"). GHS brings this motion for determination of good faith settlement pursuant to California Code of Civil Procedure § 877.

II. **ARGUMENT**

As the Court is aware, Plaintiffs brought this action based on allegations that students with disabilities enrolled at Defendant Guiding Hands School, Inc., were subject to frequent and unnecessary use of restraints. After elongated and complicated litigation, GHS has reached settlement agreements with each of the seven Plaintiffs in this action. GHS now seeks a determination of good faith settlement.[1]

///

---

[1] Each of the settlement agreements have been provided to the Court and all parties. GHS has sought permission to file the documents under seal and in redacted form. (ECF No. 389.)

-3-

Pursuant to California Code of Civil Procedure § 877:

> Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, it shall have the following effect:
>
> (a) It shall not discharge any other such party from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it, whichever is the greater.
>
> (b) It shall discharge the party to whom it is given from all liability for any contribution to any other parties.
>
> ****

Cal. Civ. Proc. Code § 877(a)-(b).

A settling party can request the Court make a determination that would bar any further claims against the settling party related to the action through a finding that the settlement is in good faith. Specifically:

> [(a)(2)] [A] settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order. The application shall indicate the settling parties, and the basis, terms, and amount of the settlement. The notice, application, and proposed order shall be given by certified mail, return receipt requested, or by personal service. Proof of service shall be filed with the court. Within 25 days of the mailing of the notice, application, and proposed order, or within 20 days of personal service, a nonsettling party may file a notice of motion to contest the good faith of the settlement. If none of the nonsettling parties files a motion within 25 days of mailing of the notice, application, and proposed order, or within 20 days of personal service, the court may approve the settlement. The notice by a nonsettling party shall be given in the manner provided in subdivision (b) of Section 1005. However, this paragraph shall not apply to settlements in which a confidentiality agreement has been entered into regarding the case or the terms of the settlement.
>
> ****
>
> (c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for

///

> equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

Cal. Civ. Proc. § 877.6(a)(2), (c).

A settlement in made in "good faith" under California law where the settlement amount is "within the reasonable range" of the settling party's "proportional share of comparative liability for the plaintiff's injuries." *Tech-Bilt, Inc. v. Woodward-Clyde & Associates*, 38 Cal.3d 488, 499 (Cal. 1985). In making this determination, courts consider: (1) "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability"; (2) "the amount paid in settlement"; (3) "the allocation of settlement proceeds among plaintiffs"; (4) "a recognition that a settlor should pay less in settlement than he would if he were found liable after trial"; (5) "the financial conditions and insurance policy limits of settling defendants"; and (6) "the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." *Id.* (citation omitted).

However, "when no one objects," the court need not consider the *Tech-Bilt* factors and a "barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient." *City of Grand Terrace v. Superior Court*, 192 Cal.App.3rd 1251, 1261 (1987); *see also Hernandez v. Contra Costa Cnty.*, Case No. 20-cv-01183 AGT, 2021 WL 1858297, at *2 (N.D. Cal. Mar. 30, 2021) ("Because no party contests the motion, it is unnecessary to weigh the *Tech-Bilt* factors."); *Bonds v. Nicoletti Oil Inc.*, No. CV-F-07-1600 OWW/DLB, 2008 WL 4104272, at *5 (E.D. Cal. Sept. 3, 2008) ("Because no opposition to the motion has been filed . . . the *Tech-Bilt* factors are not considered or weighed.").

Here, GHS believes there will be no objection or opposition to the motion for good faith settlement. As evidenced from the stipulation filed in support of this motion, each of the settling Plaintiffs acknowledge that the settlement agreements were the product of arms-length, informed negotiations, that represent a proportionate potential liability of GHS. (*See* Stipulation in Support of Motion for Good Faith Settlement). Moreover, Defendants California Department of Education ("CDE") and Tom Torlakson, have informed GHS that

they have no objection to the motion for good faith settlement. GHS also provides the declaration of Attorney Sharonrose Cannistraci setting forth the background of the case. (*See* Cannistraci Decl. in Support of Motion for Good Faith Settlement.) Accordingly, GHS respectfully requests that the Court grant the motion for good faith settlement.

However, even if the court were to examine the *Tech-Bilt* factors, the Court would find those factors satisfied. In this regard, the settlement amounts are proportional to GHS' potential liability.[2] *See Torres v. Union Pacific R. Co.*, 157 Cal. App.3d 499, 508 (1984) (defendant's settlement must "bear some relationship to the merits and values of the case against that defendant"). The settlement amount is less than GHS may have paid had it been found liable. *Tech–Bilt, Inc.*, 38 Cal.3d at 499. There is no dispute as to GHS' financial condition and insurance policy limits. And Plaintiffs and GHS have stipulated that there has been no collusion or fraud in reaching the settlement agreements. (*See* Stipulation in Support of Motion for Good Faith Settlement).

### III.   CONCLUSION

For the reasons stated above, GHS respectfully requests that its motion for determination of good faith settlement be granted and that GHS be discharged from any and all liability for any contribution, equitable comparative contribution, or partial or comparative indemnity, to the other parties pursuant to California Code of Civil Procedure, §§ 877 and 877.6(c).

Dated: January 21, 2026                    SIMS, LAWRENCE & BROGHAMMER

By: *Cynthia G. Lawrence*
CYNTHIA G. LAWRENCE
SHARONROSE CANNISTRACI
BLAZE VAN DINE
Attorneys for Defendants GUIDING HANDS SCHOOL, INC., STARRANNE MEYERS AND CINDY KELLER

---

[2] Because GHS has sought to redact the amounts of the settlement amounts due to these settlements involving minor Plaintiffs, GHS will refrain from discussing the settlement amounts with specificity. However, unredacted versions of the settlement agreements have been provided to the Court. If the Court requires additional briefing with specificity, GHS will provide such, along with a request to file such briefing under seal for the Court's consideration.