CYNTHIA G. LAWRENCE (SBN 148927)
SHARONROSE CANNISTRACI (SBN 121827)
BLAZE VAN DINE (SBN 251946)
SIMS, LAWRENCE & BROGHAMMER
1478 Stone Point Drive, Suite 450
Roseville, CA 95661
Telephone: (916) 797-8881
Facsimile: (916) 253-1544
Email: cynthia@sims-law.net
sharonrose@sims-law.net
blaze@sims-law.net
SLB-eService@sims-law.net

Attorneys for Defendants
GUIDING HANDS SCHOOL, INC.,
STARRANNE MEYERS AND CINDY KELLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE STARK, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>GUIDING HANDS SCHOOL, INC., et al.<br><br>Defendants. | No. 2:20-cv-00635-DJC-CSK<br><br>**DECLARATION OF SHARONROSE CANNISTRACI IN SUPPORT OF MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION BETWEEN GUIDING HANDS SCHOOL, INC. AND ALL PLAINTIFFS** |

I, SHARONROSE CANNISTRACI, declare as follows:

1. I am an attorney duly licensed to appear before all courts of the State of California and this federal court, and I am an attorney at the law firm of Sims, Lawrence, & Broghammer, attorneys of record for Defendants GUIDING HANDS SCHOOLS, INC. ("GHS"), STARRANNE S. MEYERS ("MEYERS") and CINDY KELLER ("KELLER") (collectively herein "GHS Defendants").

2. I have personal knowledge of the facts herein except as alleged on information and belief and as to those facts I believe them to be true, and if called as a witness, I can and will testify to the truth of the matters set forth herein.

3. This Declaration is submitted in support of Defendant GHS' Motion for Good Faith Settlement.

4. I am the handling attorney for Defendant GHS on this case, two other related federal cases, and a state court indemnity dispute related case. I was also part of the defense team in a 10-day Office of Administrative Hearing evidentiary hearing before the Commission on Teacher's Credentialing (CTC) involving three of the Plaintiff parents in this case (M.S., D.Z., and S.D.) and one parent in a related federal case.

5. GHS was a nonpublic school, a private, nonsectarian school that enrolled individuals with exceptional needs who required an individualized educational program ("IEP") and was certified by the California Department of Education ("CDE") pursuant to Education Code section 56366.1. Prior to its closure, GHS served hundreds of students placed at GHS by local public educational agencies, including the seven settling Plaintiffs E.D., D.Z., S.D., J.P., H.K., A.P., and M.S. and their respective parents and representatives (collectively "SETTLING PLAINTIFFS").

6. I was involved in negotiating the terms of this conditional global settlement with all seven Plaintiffs' groups herein and drafting the terms of the seven separate settlement agreements.

7. The amount of the settlement relative to the proportionate potential liability of GHS Defendants and approximate total potential recovery of each of the PLAINTIFFS is both fair and reasonable.

8. The Court previously granted Elk Grove School District Defendants' Motion for Good Faith Determination for $75,000 settlement of the claims of MS Plaintiffs, Folsom County School District Defendants' Motion for Good Faith Determination for $55,000 settlement of the claims of the DZ Plaintiffs, and Pollock Pines Elementary School District Defendants' Motion for Good Faith Determination for $35,000 settlement of the claims of the SD Plaintiffs that included attorneys' fees and costs. (ECF No. 335.)

///

///

9. In December of 2022, the parties attended a four-day mediation with mediator David Phillips, Esq., of Signature Resolution, which was an arm's length negotiation that at the time was unsuccessful but laid the framework for a global settlement with the GHS Defendants and all Plaintiffs herein.

10. I have previously provided true and correct copies of the seven settlement agreements to the Court and all parties. (ECF No. 389.)

11. The settlements each involve behavioral safety incidents down through the years involving different Plaintiff students with different disabilities, exceptional needs, triggers, different school staff, different behavioral interventions, different periods of restraint interventions and different responses and de-escalation of unsafe behaviors, and different alleged harm (e.g., accidental, self-inflicted, peer inflicted, struggling during a restraint, etc.), with more than 40 GHS witnesses to the various behavioral incidents, plus school district witnesses, IEP team witnesses, parent witnesses, and expert witnesses.

12. The settlement amounts are each fair and reasonable and reflect GHS' potential range of liability under the totality of the unique circumstances of each student Plaintiff's claims. The settlement amounts are also in line with the School District and YELPA settlements with these Plaintiffs.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and was executed in the City of Honolulu, State of Hawaii on January 21, 2026.

_____
SHARONROSE CANNISTRACI

**DECLARATION OF SHARONROSE CANNISTRACI IN SUPPORT OF MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION BETWEEN GUIDING HANDS SCHOOL, INC. AND ALL PLAINTIFFS**