UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE STARK, et al., | No.  2:20-cv-00635-DJC-CSK |
| Plaintiffs, | |
| v. | ORDER |
| GUIDING HANDS SCHOOL, INC., et al., | |
| Defendants. | |

Currently pending before the Court is a Motion for Good Faith Settlement Determination pursuant to California Code of Civil Procedure Sections 877 and 877.6(c).  (Mot. (ECF No. 390).)  This Motion is filed by Guiding Hands School, Inc. ("GHS") based on a settlement that GHS reached with all remaining Plaintiffs in this action.[1]  No party has opposed this Motion.  The Court took this matter under submission without oral argument pursuant to Local Rule 230(g).  (ECF No. 399.)

The Court is obligated to apply state substantive law to state law claims for which it has diversity or supplemental jurisdiction.  *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011).  This includes application of Code of Civil Procedure 877.6.  *Id.*  Section 877.6 provides that where an action

---

[1] This settlement does not address Plaintiffs' claims against Defendant California Department of Education.

1

involves two or more joint tortfeasors, a party may move for the court to determine that a settlement was made in good faith.  *See* Cal. Civ. Proc. Code § 877.6.  Should the court find that the settlement was made in good faith, a joint tortfeasor is barred "from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id.* § 877.6(c).  To determine if a settlement is made in good faith, the Court utilizes the *Tech-Bilt* factors which require the Court to consider: (1) a rough approximation of the plaintiff's total recovery and the settlors' proportional liability; (2) the amount paid in settlement; (3) the allocation of settlement proceeds among plaintiffs; (4) the recognition that a settlor should pay less in settlement than he would if he were found liable after trial; (5) the financial conditions and insurance policy limits of the settling tortfeasor; and (6) the existence of collusion, fraud, or tortious conduct intended to injure the interests of the non-settling parties. *See Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488 (1985).

Where the good faith nature of a settlement is not in dispute, the Court need not consider the *Tech-Bilt* factors.  *City of Grand Terrace v. Super. Ct. of San Bernardino Cnty.*, 192 Cal. App. 3d 1251, 1261 (1987); *see Geo Guidance Drilling Services, Inc. v. Renaissance Res., LLC*, No. 1:20-cv-00465-CDB, 2023 WL 5020479, at *2 (E.D. Cal. July 7, 2023); *see also* Cal. Civ. Pro. Code § 866.6(d).  No party has opposed or disputed the good faith nature of this settlement.  Thus, the Court need not apply the *Tech-Bilt* factors in approving Defendants' Motion.  However, out of an abundance of caution, the Court has read the motion and declarations provided to the Court and considered them under the *Tech-Bilt* factors.  Having done so, the Court finds the settlement to be made in good faith.

The settlement is composed of seven settlements between GHS and seven Minor Plaintiffs and their parents or guardians.  (*See* ECF Nos. 398-1–398-7.)  Notably, the settlement amounts provided by GHS for each Plaintiff are larger than those paid by the school district defendants, which is appropriate given the greater proportional

liability of GHS. *See City of Grand Terrace v. Superior Ct. of San Bernardino Cnty.*, 192 Cal. App. 3d 1251, 1260 (1987) (a settlement to be made in good faith must only be within a reasonable range of relative liabilities); *see also Tech-Bilt*, 38 Cal. 3d at 501 n.9. The settlement was also reached based on a framework created through a four-day mediation with a neutral mediator. The settlement satisfies the *Tech-Bilt* factors, and thus the Court determines that it is made in good faith within the meaning of Sections 877 and 877.6.

However, at least two of the settlements settle claims related to minor plaintiffs. (*See* ECF No. 390 at 2.) As such, the parties are required to first obtain an order granting approval of a minor's compromise as to the settlements involving minor plaintiffs. Local Rule 202(b). The Court thus grants Defendant GHS' Motion for Good Faith Determination contingent on the filing and approval of the requisite motions for approval of minor's compromise.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant GHS' Motion for Good Faith Determination (ECF No. 390) is GRANTED contingent on the Court's subsequent approval of all minors' compromises;

2. Under California Code of Civil Procedure §§ 877 and 877.6, the settlement agreement of the parties constitutes a good faith settlement;

3. Plaintiffs are ordered to file all necessary motions for approval of minor's compromise within twenty-one (21) days of this Order.

IT IS SO ORDERED.

Dated:  __**April 24, 2026**__

*Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – langley20cv00635.gfs

3