UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE STARK, | No. 2:20-cv-00635-DJC-CSK |
| Plaintiffs, | |
| v. | ORDER |
| GUIDING HANDS SCHOOL, INC., et al., | |
| Defendants. | |

The facts and procedural history of this case are well known to the Court and parties.  In short, Plaintiffs are students who attended Guiding Hands School ("GHS") and the parents of those students.  Plaintiffs claim Student Plaintiffs suffered from excessive and unnecessary use of physical restraints while attending GHS.  Presently before the Court is Defendants[1] California Department of Education ("CDE") and Tom Torlakson's Motion to Dismiss.  (Mot. (ECF No. 379).)  This matter is fully briefed (Opp'n (ECF No. 380); Reply (ECF No. 381)) and was taken under submission pursuant to Local Rule 230(g).

---

[1] Defendants CDE and Torlakson are not the only defendants to this action, but as they are the only defendants who are party to the pending Motion, they are hereafter jointly referred to as "Defendants" for clarity.

1

For the reasons stated below, the Court grants Defendants CDE and Torlakson's Motion to Dismiss.

**LEGAL STANDARD**

A party may move to dismiss for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  While the court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party," *Steinle v. City & County of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019), if the complaint's allegations do not "plausibly give rise to an entitlement to relief" the motion must be granted, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  This rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible.  *Iqbal*, 556 U.S. at 678.  In the same vein, conclusory or formulaic recitations of elements do not alone suffice.  *Id*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense."  *Id*. at 679.

**DISCUSSION**

**I.  Third Claim for Relief  – Section 1983**

Plaintiffs have not alleged facts that establish liability by Defendant Torlakson under 8 U.S.C. § 1983.  Plaintiffs' Third Claim for Relief seeks to bring a section 1983 claim against Defendant Torlakson for the alleged usage of excessive force against Plaintiffs while they were at GHS, predicated on Defendant Torlakson's own acts and

2

omissions as State Superintendent of Public Instruction.  (Opp'n at 6.)  Plaintiffs assert that the 4AC states a claim against Defendant Torlakson in his supervisory capacity through the lens that Defendant Torlakson knew of constitutional violations but failed to act.  (*Id.*)  However, the 4AC lacks any non-conclusory actions regarding what acts or omissions by Torlakson led to a violation of Plaintiffs' rights.

The 4AC's relevant allegations fall into three groups.  The first group of allegations are those which assert that Defendant Torlakson had duties that required him to monitor and oversee GHS and other nonpublic schools.  Certainly, the 4AC is clear in alleging the existence of this responsibility.  (*See* 4AC ¶¶ 70–75.)  However, the mere existence of these duties does not establish liability because it does not show that Defendant Torlakson knew of constitutional violations but failed to act.  Second, Plaintiffs allege that Defendant Torlakson was generally aware of the risk that physical restraints posed and that they were disproportionately used on students with disabilities based on sources such as letters sent from the United States Department of Education and the number of Behavioral Emergency Reports filed by various institutions.  (*See id.* ¶¶ 83–90.)  These allegations only establish Torlakson's general knowledge regarding the risks of restraints.  They do not establish Torlakson's knowledge of the specific constitutional violations at issue in this case.  Similarly, the third group of allegations – those concerning the usage of restraints at other institutions (*see id.* ¶ 99–102) – cannot establish knowledge of the alleged constitutional violations Plaintiffs claim to have suffered.  The only other relevant allegations in the 4AC are entirely conclusory and only state that CDE failed to perform their duties without any specific allegations in support of that claim.  (*See id.* ¶¶ 34–35.)

In short, the present complaint is lacking in any non-conclusory allegations regarding Defendant Torlakson's actions or inactions as they relate to the specific constitutional violations at issue in this case.  The allegations discussed above might provide useful color in support of such a claim, but they cannot support this claim on

3

their own.  Thus, Defendants' Motion to Dismiss Plaintiffs' Third Claim for Relief as to Defendant Torlakson is granted.

**II.  Fourth Claim for Relief – Violation of California Education Code § 220**

Plaintiffs' Fourth Claim for Relief asserts that CDE is liable for a violation of California Education Code § 220.  Section 220 prohibits discrimination by educational institutions on the basis of a protected characteristic.  For purposes of the chapter containing section 220, a "educational institution" is defined as "a public or private preschool, elementary, or secondary school or institution; the governing board of a school district; or any combination of school districts or counties recognized as the administrative agency for public elementary or secondary schools."  Cal. Educ. Code § 210.3.  Under the clear language of the statute, CDE is not considered an educational institution for purposes of section 220.  CDE is not a preschool elementary or secondary school or institution, the board of a school district, or a combination of school districts or counties.  While Plaintiffs argue otherwise, they cite no authority that holds that CDE is an educational institution under this section.  As CDE is not an educational institution as defined by section 210.3, section 220 does not apply to CDE, and it cannot be held liable under that statute.  Defendants' Motion is granted as to Plaintiffs' Fourth Claim for Relief.  Given the legal conclusion that CDE is not an educational institution, leave to amend would be futile.

**III. Twelfth Claim for Relief – Negligence**

Defendants contend that they cannot be held liable under Plaintiffs' Twelfth Claim for Relief due to California Government Code section 815(a).  Section 815 provides that "[e]xcept as otherwise provided by statute . . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  Section 815 is limited by section 815.6 which provides that "[w]here a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its

failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." For liability to be permitted under section 815.6, three requirements must be satisfied: "(1) an enactment must impose a mandatory duty; (2) the enactment must be meant to protect against the kind of risk of injury suffered by the party asserting section 815.6 as a basis for liability; and (3) breach of the mandatory duty must be a proximate cause of the injury suffered." *San Mateo Union High Sch. Dist. v. City of San Mateo*, 213 Cal. App. 4th 418, 428 (2013).

"Whether a particular statute is intended to impose a mandatory duty, rather than a mere obligation to perform a discretionary function, is a question of statutory interpretation for the courts." *Id.* at 428-29. A mandatory duty is an enactment that is "obligatory, rather than merely discretionary or permissive, in its directions to the public entity; it must require, rather than merely authorize or permit, that a particular action be taken or not taken." *Id.* The mandatory duty requirement is generally construed "strictly" by courts. *Guzman v. County of Monterey*, 46 Cal. 4th 887, 898 (2009). "An enactment creates a mandatory duty if it requires a public agency to take a particular action. An enactment does not create a mandatory duty if it merely recites legislative goals and policies that must be implemented through a public agency's exercise of discretion." *Lockhart v. County of Los Angeles*, 155 Cal. App. 4th 289, 308 (2007) (internal citations omitted). Courts generally only find there to be a mandatory duty where "the enactment affirmatively imposes the duty and provides implementing guidelines." *Guzman v. County of Monterey*, 46 Cal. 4th 887, 898 (2009) (internal citations and quotation marks omitted).

Defendants contend that Plaintiffs have not identified a mandatory duty to which the exemption of section 815.6 applies. Plaintiffs' Opposition does not substantively address this point. Instead, Plaintiffs present only a broad argument, stating that the 4AC identifies ". . . multiple interlocking mandatory duties assigned to CDE and the SSPI . . . ." (Opp'n at 18.) This is insufficient for the Court to meaningfully assess whether Plaintiffs have identified an enactment which, strictly construed,

creates a mandatory duty for Defendants.  Absent application of section 815.6, Plaintiffs' negligence claim against Defendants is barred by section 815.  Thus, Plaintiffs' failure to establish that a mandatory duty exists precludes liability under this cause of action.  Defendants' Motion is granted as to Plaintiffs' Twelfth Claim for Relief.

**IV. Thirteenth Claim for Relief – Fraud**

Defendants seek dismissal of Plaintiffs' Twelfth Claim for relief for fraud as to Defendant Torlakson.  As this cause of action clearly alleges fraud by Defendant Torlakson, it is subject to the heightened pleading requirements of Rule 9(b).  Under Rule 9(b), when a claim or complaint is "grounded in fraud[,]" that claim or complaint must satisfy the particularity requirement, which mandates that the plaintiff "state with particularity the circumstances constituting fraud . . . ."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (quoting Fed. R. Civ. P. 9(b)).  The heightened standard of Rule 9(b) obligates the plaintiff to "aver with particularity the circumstances constituting the fraud."  *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir. 1994) (en banc).  This requires that "the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong."  *Kearns*, 567 F.3d at 1124.  This generally means that parties must allege the "who, what, when, where, and how" of the alleged fraud and misconduct at issue.  *Id.* at 1126.  Put another way, "[Rule] 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme."  *Lancaster Cnty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).  These allegations must be "*more* than the neutral facts necessary to identify the transaction."  *Kearns*, 567 F.3d at 1124 (emphasis in original) (internal citation omitted).

The 4AC fails to state with particularity the circumstances that establish a claim of fraud against Defendant Torlakson.  The fraud alleged in the complaint is focused on misrepresentations and failures to disclose information related to the use of

restraints.  (*See* 4AC ¶¶ 450–60.)  But at no point do Plaintiffs identify misrepresentations or omissions made by Defendant Torlakson.  Compliance with the heightened standard of Rule 9(b) requires that Plaintiffs identify the specific fraudulent acts and how each defendant participated.  *Lancaster Cnty. Hosp.*, 940 F.2d at 405. The 4AC fails to meet this measure as to Defendant Torlakson.  Plaintiffs argue that Torlakson made representations via "CDE certifications, public communications, and parent-facing statements" (Opp'n at 15), but Plaintiffs' allegations of fraud identify no specific such representations and certainly do not identify specific acts or omissions by Defendant Torlakson in this regard (*see* 4AC ¶¶ 450–60).

Accordingly, Defendants' Motion to Dismiss is granted as to Plaintiffs' Thirteenth Claim for Relief against Defendant Torlakson.  As the Court has determined to grant dismissal of each of the claims challenged by Defendants, the Court grants Defendants' Motion in its entirety.[2]

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Defendants CDE and Tom Torlakson's Motion to Dismiss (ECF No. 379) is GRANTED;

2.  Plaintiffs' Third Claim for Relief as to Defendant Torlakson, Twelfth Claim for Relief as to Defendants CDE and Torlakson, and Thirteenth Claim for Relief as to Defendant Torlakson are DISMISSED with leave to amend as amendment does not yet appear futile.

////

////

////

////

////

[2] As the Court here grants dismissal of all four claims challenged by Defendants, the Court need not address the other arguments made by Defendants in favor of dismissal.

3.  Plaintiffs' Fourth Claim for Relief as to Defendant CDE is DISMISSED without leave to amend.

IT IS SO ORDERED.

Dated:   **April 24, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE